In re Jerry Lee HOLUB et ux., Debtors.

Bankruptcy No. 89–3195–BKC–6C7.

United States Bankruptcy Court,
M.D. Florida,
Orlando Division.

July 19, 1991.

294

Jerry L. Brewer, Orlando, Fla., for debtors.

Jerald I. Rosen, Longwood, Fla., for trustee.

## ORDER ALLOWING FEES FOR THE ATTORNEY FOR THE TRUSTEE

C. TIMOTHY CORCORAN, III, Bankruptcy Judge.

THIS CASE came on for consideration of the application for allowance of attorney's fees for the attorney for the Chapter 7 trustee (Document No. 40). In this case, the court has approved the retention of the person of the trustee as attorney for the trustee. Thus, the trustee and the attorney are one and the same.

This case involved the simple joint administration of the estates of the debtor husband and debtor wife. The estates consisted of some $44,700 that was generated by three private sales of the debtors' property. The trustee sold to the debtors their interest in a family partnership and personal property, sold to the maker at a discount a promissory note receivable, and sold to a brokerage firm at a discount a second note receivable. The trustee also objected to a few claims. After administrative claims and costs of administration, there are some $4,600 in priority claims and some $473,000 in unsecured claims. Unfortunately, no meaningful dividend will be paid to unsecured creditors.

In the application, the attorney for the trustee seeks approval of a fee of $4,005 representing some 26.7 hours at an hourly rate of $150. Notice of the application, including the amount sought, has been given to all creditors (Document No. 42), and no objection has been made to the approval of the fee requested.

 Despite the fact that no objection has been made to this application, it is fundamental that the court has an independent duty to review fee applications for reasonableness and to allow only reasonable compensation for actual, necessary services rendered by the attorney, all pursuant to Section 330(a)(1) of the Bankruptcy Code and Bankruptcy Rule 2016(a). *In re Cuisine Magazine, Inc.,* 61 B.R. 210 (Bankr.S.D.N.Y.1986).

Having performed such an independent review in this case, it appears that the amount sought by the attorney for the trustee is excessive in three ways. First, the attorney is seeking compensation for services that were not performed in his capacity as an attorney. These services were instead performed in the applicant's capacity as trustee. The trustee has separately sought compensation for these services pursuant to Section 330(b) and (c) of the Bankruptcy Code (Document No. 41), and the court has allowed those amounts in full. Second, the attorney seeks compensation for time that is excessive and that exceeds the amount of time the services should have taken to perform. Third, the attorney seeks compensation at an hourly rate that is excessive.

### I.

Turning first to the issue of claiming compensation for services that were performed by the applicant in his capacity as trustee, as distinguished from his capacity as attorney for the trustee, it appears that the trustee has simply logged all of his time, regardless of whether performed as trustee or attorney, and claimed it as compensable attorney time.

 The court generally considers the following kinds of services to be those to be performed by the trustee and are not compensable as professional services rendered to the trustee:

1. Preliminary review of the debtor's schedules and examination of the debtor at the Section 341 meeting.

2. Preparation of the report of no distribution and the report of conclusion of Section 341 meeting.

3. Telephone conversations or written communications with the debtor, creditors, or attorneys regarding the general status of the case.

4. Preparation of all required reports for the United States Trustee.

5. Performance of all routine trustee banking matters, including deposits of funds, issuance of checks, and reconciliation of bank accounts.

6. Distribution of funds to creditors.

7. Basic negotiation for recovery of assets.

8. Examination of simple proofs of claim and the making of routine objections to claims. The preparation of objections to claims raising legal, as distinguished from routine, objections can be compensable to a professional. An example of a routine but not legal objection is an objection for lack of documentation. A complex proof of claim, the examination of which may be compensable, might be a proof of claim asserting several kinds of priorities for different components of the claim as might be filed by an employee.

9. Initial review of the debtor's financial affairs or records. After legal issues or problems are identified, in depth analysis of the debtor's financial affairs or records can be compensable if properly documented.

10. Supervision of professionals (other than self).

11. Preparation of the trustee's preliminary report except in the truly extraordinary case.

█ In general, professional time is limited to those tasks performed while representing the trustee in the prosecution of contested matters and adversary proceedings, attendance at court hearings in the capacity of attorney or other professional when the trustee has an interest, the preparation of professional related applications, and the performance of other specialized services that cannot be performed practically or lawfully by the trustee without engaging the services of a professional.

█ Of course, the need for the professional must be clear from the description of the services set forth in the fee application. In other words, if the service is simply described as "telephone conference with debtor's attorney," the services will not be compensable as professional services. On the other hand, if the services are described as "telephone conversation with debtor's attorney regarding discovery schedule in X adversary proceeding," the services can be so compensated. In addi-

tion, if an otherwise generally noncompensable service is deemed compensable by the professional and included in the fee application because of the complexity of the matter involved, the professional must describe the service and the complexity in sufficient detail so the court can see on the face of the application that the service indeed requires the use of the professional.

As to the content and format of professional fee applications generally, the court has already informed the bar as to what it expects to see. *In re Braniff, Inc.*, 117 B.R. 702, 705–06 (Bankr.M.D.Fla.1990).

A review of the services claimed here as shown in Exhibit A to the application reveals that the only arguably legal services performed as shown in the entire schedule are the following:

| DATE | SERVICE |
| --- | --- |
| 9/29/89 | Preparation of application to employ attorney |
| 10/16/89 | Receiving and reviewing order authorizing employment of attorney |
| 7/26/90 | Preparing objections to claims, preparing proposed order disallowing claims, and preparing motion and proposed order allowing secured claims |
| 11/15/90 | Preparation of notice of sale |
| 11/19/90 | Preparation of second objections to claims and proposed order |
| 12/19/90 | Receiving and reviewing order on objections to claims |
| 1/31/91 | Receiving and reviewing order disallowing claims |
| 2/18/91 | Preparing amended motion to approve sale |
| 2/21/91 | Receiving letter from bank's attorney and telephone conversation in response |
| 3/24/91 | Preparing order approving sale |
| 4/1/91 | Receiving and reviewing order approving sale |
| 4/3/91 | Preparing attorney's fee application |

None of the descriptions of the other services contained on the schedule reflect the performance of any legal services whatsoever. Accordingly, all services claimed other than the ones listed above are disallowed. The court therefore disal-

lows on this basis 19.2 hours of the 26.7 hours claimed.

## II.

With regard to the 7.5 hours of services reflected in this application that the court considers to represent professional services and therefore to be compensable, the court of appeals has taught us that:

> In an ordinary attorney's fee case, the court arrives at a fee by multiplying the attorney's reasonable hourly rate by the number of hours reasonably expended. *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983). [Footnote omitted]. A calculation of the reasonableness of the rates and hours usually involves consideration of the twelve *Johnson [v. Georgia Highway Exp., Inc.*, 488 F.2d 714 (5th Cir. 1974) ] factors. *Id.* [461 U.S.] at 434 n. 9, 103 S.Ct. at 1940 n. 9.

*Grant v. George Schumann Tire & Battery Co.*, 908 F.2d 874, 879 (11th Cir.1990). The court is next required, therefore, to examine the reasonableness of the hours expended.

 In discharging this function, the court should not "nickel and dime" professionals engaged by Chapter 7 trustees. Likewise, the court should not "second guess" professionals by substituting its judgment after the fact for that of the professional who was called upon to exercise judgment on the spot. Fee applications come to the court with a presumption of correctness, and the court wishes to compensate professionals fully and fairly, just as a professional is compensated outside the bankruptcy context. *Grant v. George Schumann Tire & Battery Co., supra* at 878–79. Indeed, the court recognizes the economics of being a Chapter 7 trustee and serving in the capacity of a professional for the trustee. Absent full and fair fee awards in asset Chapter 7 cases, qualified and competent individuals will be unable to serve in these important capacities or will refuse to discharge aggressively their duties to the detriment of the administration of the bankruptcy system. Thus, the court should be circum-spect in reviewing the reasonableness of the hours expended and should only disallow reported time when the facts plainly require that reduction.

 With these principles clearly in mind, the court concludes that there are time entries in this application that the court cannot approve. First, on July 26, 1990, the attorney claims 3.8 hours for a number of services that have been grouped together in a single time entry. Included is a review of some 53 claims. As previously indicated, reviewing simple claims is not a compensable professional expense, although with a single time entry the court cannot determine how much of the time was devoted to that non-compensable effort. What the court can review, however, are the trustee's objections to claims (Document No. 23) and the motion for order allowing secured claims and determining right to distribution (Document No. 22) that were filed by the attorney two days after the time entry and appear to be the work product of the attorney from that time entry.

 The objections to claims contain a number of routine objections and some objections that plainly do raise legal issues that should be compensable as professional time. The five separate objections are contained in a single pleading typed on a single page. Each objection simply states a legal or other basis for the objection in a short sentence or two. No difficult or complex legal or factual issues are involved or are alleged in the objections. It appears, therefore, that no more than .5 hours could reasonably have been spent in preparing those objections. Adding time for preparing proposed forms of orders and the like, the court can charitably recognize an additional .3 hours. Adding an additional 20 percent to give the applicant the benefit of the doubt and to eliminate unfairness for the possibility of "second guessing," the court can recognize an additional .2 hours. The court therefore concludes that the services rendered on July 26 for which the trustee has claimed 3.8 hours represent compensable professional services that reasonably required no more than one hour.

The court will allow one hour and will disallow 2.8 hours.

Second, the attorney has claimed 1.2 hours for preparing a fee application. The fee application involved is a printed form in which the following information has been typed manually: the case number, the debtors' names in the style, the name of the undersigned bankruptcy judge, the name of the attorney, the total amount sought, and the place and date of the application. The attorney has signed the application. Then attached to the application as Exhibit A is a schedule that contains a short, one paragraph general summary of the services performed in the case as well as a listing by date, service, and time spent of the individual services performed.

It is apparent to this judge that no attorney time whatsoever was involved in the preparation of this fee application other than in dictating the general summary contained on the exhibit and reviewing the application at the time it was signed. All other tasks performed in connection with preparing this application were clearly secretarial in nature. The court concludes that .4 hours is the outside limit of the amount of professional time reasonably expended in connection with the preparation of the application.[1] The court therefore disallows .8 hours.

To recap, the court began with an application containing 7.5 hours of professional services. The court has disallowed as unreasonably expended some 3.6 hours of the 7.5 hours sought. The court concludes, therefore, that only 3.9 hours of reasonably expended professional time is contained in this application.

### III.

Turning to the question of a reasonable hourly rate, the court has considered each of the 12 factors set forth in the seminal case of *Johnson v. Georgia*

*Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974). Although all of the factors must be considered and weighed together, the third *Johnson* factor, that is, the skill requisite to perform the legal service properly, provides significant guidance to the court when examining the reasonableness of an hourly rate claimed by an attorney. As to this point, the court of appeals teaches that:

> The trial judge should closely observe the attorney's work product, his preparation, and general ability before the court. The trial judge's expertise gained from past experience as a lawyer and his observation from the bench of lawyers at work become highly important in this consideration.

*Id.* at 718. The ninth *Johnson* factor is also especially instructive, that is, the experience, reputation, and ability of the attorneys.

Having carefully evaluated the 12 factors as against the facts of this case, the court has reached the firm conviction that $125 per hour is the maximum reasonable hourly rate that the court can approve.

### IV.

The lodestar is therefore calculated as follows: multiplying the reasonable hourly rate of $125 times the 3.9 hours reasonably expended in this case results in an attorney's fee of $487.50. As there is no basis to enhance the lodestar amount, *Grant v. George Schumann Tire & Battery Co.*, *supra* at 880–81, this is the amount that the court will approve. Accordingly, the application is granted in that amount but is otherwise denied.

DONE and ORDERED.

---

1. Accuracy in time keeping is the foundation upon which the "lodestar" method of awarding fees is based. Actual time spent is what must be recorded and reported. If a service takes less time to perform because the professional has developed systems to economize and reduce time, the professional will be compensated through a higher hourly rate, all other factors being the same. If artificial, "phoney" time entries are used to "pad" the time claimed, the lodestar method's validity is destroyed. There must be no "unit billing" or minimum time entries contained in a fee application. Whatever the economics of a Chapter 7 trustee's practice may be, the professional must accurately report time.