**In re William Dale BUTTERBAUGH.**

**Bankruptcy No. 89–00501.**

United States Bankruptcy Court,
N.D. Ohio.

Sept. 19, 1991.

**508**

Conrad J. Morgenstern, Cleveland, Ohio, U.S. Trustee.

## MEMORANDUM OF DECISION

JAMES H. WILLIAMS, Chief Judge.

The court comes now to consider an objection filed by Conrad J. Morgenstern, United States Trustee for Region IX (UST) to an Application for Fees filed by the attorney for the trustee in this case. The UST did not appear at the hearing on the Application, electing to stand on his written objection. The attorney argued briefly and submitted a written response in support of his Application.

Josiah L. Mason is the trustee in bankruptcy for the debtor who filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code on April 4, 1989. Mr. Mason was appointed interim trustee on April 11, 1989 and, since May 18, 1989 has served as the trustee.

This court's order approving Mr. Mason's employment as attorney for the trustee was entered on June 28, 1989, effective May 18, 1989. The administration of the case has proceeded nearly to conclusion and the trustee has filed his Report of Receipts and Disbursements.

The trustee's report shows receipts of $6,241.03 upon which he has calculated his compensation to be paid pursuant to 11 U.S.C. § 326 to be $367.23. He also seeks reimbursement, as trustee, of $12.05 in bond premium expenses.

Mr. Mason's Application for Fees in his role as attorney for the trustee seeks compensation for 11 hours of professional time, charged at $70.00 per hour and 6.1 hours at $80.00 per hour, for a total of $1,258.00.[1] The UST questions 36 entries in Mr. Mason's time records supporting his Application totaling 9.6 hours or $694.00.

## DISCUSSION

The court comes to this controversy with mixed feelings. It is delighted that the office of the UST has attacked a troublesome, widespread practice; but the attack may have come in a case where, because of the modest hourly rates asserted for legal services performed, the result of the practice is far less egregious than is usually the situation. Nevertheless, certain principles need to be emphasized and they remain constant, regardless of the professional's asserted rate of compensation.

There is a persistent blurring of the lines of responsibility between trustees and the professionals they hire (usually, as here, attorneys) and, of course, the compensability for services rendered in these roles is similarly ill-defined. The situation is made all the more problematic where, again as here, the professional retained is the trustee himself or herself, wearing the hat of an attorney.

The Bankruptcy Code prescribes a list of functions the Chapter 7 Trustee is obligated to perform. These include:

---

**1.** The Application is for $1,264.00. The time records submitted in support of the Application total only $1,258.00. The lesser amount will be regarded as the total sought.

1. Collecting and liquidating property of the estate;
2. Accounting for all property received;
3. Ensuring the debtor's compliance with 11 U.S.C. § 521(2)(B) concerning exemption, reaffirmation or redemption of property;
4. Investigating the debtor's financial affairs;
5. Examining proofs of claim and filing objections thereto;
6. If advisable, opposing the debtor's discharge;
7. Furnishing information on the estate to parties in interest upon request;
8. Filing periodic reports for the debtor, if an operating business, including a statement of receipts and disbursements and any other required information; and
9. Preparing and filing a final report and accounting of the administration of the estate with the court and United States Trustee.

11 U.S.C. § 704. The trustee may receive "(1) reasonable compensation for actual, necessary services rendered ... and (2) reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a). In a Chapter 7 case, such as the one at hand, the trustee's compensation is further limited by 11 U.S.C. § 326(a):

In a case under chapter 7 or 11, the court may allow reasonable compensation under section 330 of this title of the trustee for the trustee's services, payable after the trustee renders such services, not to exceed fifteen percent on the first $1,000 or less, six percent on any amount in excess of $1,000 but not in excess of $3,000, and three percent on any amount in excess of $3,000, upon all moneys disbursed or turned over in the case by the trustee to parties in interest, excluding the debtor, but including holders of secured claims.

■ The court may authorize the trustee's employment of professional persons, including attorneys, to represent or assist the trustee in performing his or her duties. 11 U.S.C. § 327(a). Mr. Mason's employment, both as trustee and counsel

for the trustee, is provided for by 11 U.S.C. § 327(d) if the dual capacity is in the best interest of the estate. The critical distinction between these roles is emphasized in 11 U.S.C. § 328(b):

If the court has authorized a trustee to serve as an attorney or accountant for the estate under section 327(d) of this title, the court may allow compensation for the trustee's services as such attorney or accountant only to the extent that the trustee performed services as attorney or accountant for the estate and not for performance of any of the trustee's duties that are generally performed by a trustee without the assistance of an attorney or accountant for the estate.

■ The trustee's attorney is not entitled to professional compensation for performing the statutory duties imposed on the trustee by 11 U.S.C. § 704. *In re Shades of Beauty, Inc.*, 56 B.R. 946 (Bankr.E.D.N.Y.1986):

In general, professional time is limited to those tasks performed while representing the trustee in the prosecution of contested matters and adversary proceedings, attendance at court hearings in the capacity of attorney or other professional when the trustee has an interest, the preparation of professional related applications, and the performance of other specialized services that cannot be performed practically or lawfully by the trustee without engaging the services of a professional.

*In re Holub*, 129 B.R. 293, 296 (Bankr. M.D.Fla.1991) Examples of services rendered by trustee's counsel for which requests for compensation have been denied are:

(1) services relating to sale of the debtor's assets, the collection of accounts due, the examination of the debtor's papers;

(2) the preparation of notices and advertisements for the sale of the debtor's assets, and license renewals;

(3) entries relating to routine telephone calls and correspondence with information seekers;

(4) charges for the reduction of the estate to money, the payment of routine bills—including taxes, the arranging of insurance coverage for the estate, and the examination of the debtor's books and records;

(5) and the arrangement for the sale of the properties of the debtor's estate.

*In re King*, 88 B.R. 768, 770 (Bankr. E.D.Va.1988) (citations omitted).

A reading of the cases will demonstrate that courts have varied their approaches concerning what constitutes those ministerial and administrative tasks delegated to the trustee in contrast to the role and function of the trustee's counsel. What the court, the trustee and counsel must bear in mind is that the Code is structured to provide separate compensation systems to the trustee and trustee's counsel based on their distinct expertise and function in a bankruptcy case.[2] Allowing the trustee's counsel to be compensated for services which can and should be performed by the trustee not only depletes the estate unnecessarily, but violates the Code itself. The court recognizes the difficulty inherent in distinguishing the roles of trustee and counsel, particularly when they are performed by the same person.

[I]t is the burden of the applicant to demonstrate that the services for which professional compensation is sought involves some legal service beyond the scope of the trustee's statutory duty.

*Shades of Beauty*, 56 B.R. at 949–50.

■ As noted above, the UST has identified 36 entries totaling 9.6 billed hours, at a cost of $694.00, which are allegedly improperly claimed by counsel for the trustee. The targeted entries deal generally with collection matters outside the context of adversary proceedings, and isolated tax and insurance matters. The court is in agreement with the UST that the following entries are noncompensable to the trustee's attorney.

| DATE | SERVICE |
| --- | --- |
| 6/2/89 | Letter to Atty. Douglas Thrush [Debtor's attorney] re: EWT, Inc., tax returns and addresses |
| 6/2/89 | Letter to Bank One re: amount of debt against real estate located at 289 W. Fifth St., Mansfield |
| 6/2/89 | Letter to Richland County Treasurer re: market value of two parcels of real estate |
| 6/7/89 | Received and reviewed letter from Atty. Douglas Thrush re: EWT, Inc., James Brown, and Linda Sigmon, as well as other information requested by Trustee |
| 6/8/89 | Letter to Atty. Thrush re: tax refund |
| 6/16/89 | Letter to Atty. Thrush re: insurance on real estate |
| 6/26/89 | Letter to Atty. Thrush re: EWT, Inc. and address of same |
| 6/27/89 | Received and reviewed letter from Atty. Thrush with enclosures including tax returns |
| 7/11/89 | Received and reviewed Notice of Filing Reaffirmation in regard to Richland Bank |
| 7/25/89 | Letter to Adolph Tucky re: EWT, Inc. and monies due debtor |
| 7/26/89 | Letter to Atty. Thrush re: non-exempt monies due Trustee |
| 8/16/89 | Received and reviewed Notice of Reaffirmation hearing re: Huntington Bank |

**2.** The court is aware that there is growing sentiment for an increase in the levels of compensation for trustees and that Legislation to accomplish that end is before Congress. While in full sympathy with that effort, the court strongly believes that the financial burdens upon trustees, however unfair, cannot be alleviated by allowing them to label their statutory duties "legal services" and recover compensation because, fortuitously, they happen also to be members of the bar.

| DATE | SERVICE |
|---|---|
| 8/23/89 | Received and reviewed Notice rescheduling hearing on reaffirmation re: Richland Bank |
| 12/22/90 | Preparation and filing of Notice of Abandonment |
| 2/28/91 | Preparation and filing of Notice to Court re: abandonment |
| 3/8/91 | Letter to Atty. Thrush re: balance of monies due from Debtor |

These activities are not, in the court's opinion, of the type that "cannot be performed practically or lawfully by the trustee without engaging the services of a professional." *In re Holub, supra.* With few exceptions, they involve writing to or "receiving and reviewing" letters from various entities. The other activities include "receiving and reviewing" reaffirmation agreements and notices thereof and abandoning assets, activities which could hardly be more clearly within the scope of the trustee's duties, professional assistance with which is quite unnecessary.

The 16 entries which the court agrees are not properly compensable total 4.3 hours for which Mr. Mason, in his role as attorney, has charged $313.00. The court will deduct this amount from the request and award fees of $945.00 to Mr. Mason as attorney for the trustee.

An order in accordance herewith shall issue.