**In re James L. HARRIS et ux., Debtors.**

**Bankruptcy No. 87–00536–BKC–6C7.**

United States Bankruptcy Court,
M.D. Florida,
Orlando Division.

May 22, 1992.

Michael S. May, Deland, Fla., for debtors.

Andrea A. Ruff, Orlando, Fla., trustee.

### ORDER ON APPLICATIONS FOR FEES FOR TRUSTEE AND ATTORNEY FOR THE TRUSTEE

C. TIMOTHY CORCORAN, III,
Bankruptcy Judge.

This case came on for consideration of two applications for allowance of attorney's fees for the attorney for the Chapter 7 trustee (Document Nos. 49 and 50) and two applications for compensation of the Chapter 7 trustee (Document Nos. 68 and 69). In this case, the court has approved the retention of the person of the trustee as attorney for the trustee. Thus, the trustee and the attorney are one in the same.

This case involved the separate administration of the estates of the debtor/husband and debtor/wife. The assets of the estate of the debtor/husband, James Harris, total $1,303.23; administrative expense claims total $3,401.22; and claims of general unsecured creditors total $7,012.28. If the administrative claims are allowed in full and paid on a pro rata basis, there will be no distribution to general unsecured creditors.

The assets of the estate of the debtor/wife, Lillian Harris, total $18,499.71; administrative claims total $4,353.87; and claims of general unsecured creditors total $7,014.48. Even if the administrative claims are allowed and paid in full, there will be sufficient funds in the estate to pay general unsecured creditors in full and still permit a substantial refund to Mrs. Harris.

The file reflects that the combined assets of both estates total $19,802.94. Of that, $17,529.55 consists of the proceeds from an insurance policy paid to Mrs. Harris upon the death of her husband. The attorney for the debtor turned the proceeds over to the trustee for the benefit of Mrs. Harris'

estate without contest. Of the remaining assets, $1,093 was generated in an auction of the debtors' property and was split evenly between the estates.

In each attorneys fee application, the applicant has attributed 11.7 hours of attorney time to each estate and requested $1,579.50 in fees from each estate. The applicant also seeks reimbursement for computer expense in the amount of $31.50 from each estate.

Although no objection has been made to the applications filed by the trustee, it is fundamental that the court has an independent duty to review fee applications for reasonableness and to allow only reasonable compensation for actual, necessary services rendered by the trustee or an attorney employed by the trustee, all pursuant to Section 330(a)(1) of the Bankruptcy Code and F.R.B.P. 2016(a). *In re Cuisine Magazine, Inc.*, 61 B.R. 210 (Bankr. S.D.N.Y.1986).

### *Attorneys' Fee Applications*

■ The attorney for the trustee has filed two separate applications for attorney's fees: Document No. 49 for the estate of James Harris and Document No. 50 for the estate of Lillian Harris. The applications are printed forms on which the following information has been typed manually: the case number, the debtors' name in the style, the number of hours expended, the total amount sought, and the number of hours of computer time, and the dollar amount sought for that. The time records attached to each application are identical. The time records reflect the total time expended in both estates. Each application reflects the total attorney time and costs expended in the two cases combined and then requests one-half of the total dollar amount to be paid from each estate.

This court has repeatedly published guidelines to be used in meeting the requirements for fee applications pursuant to Section 330(a) of the Bankruptcy Code and F.R.B.P. 2016(a). *In re Holub*, 129 B.R. 293, 295–98 (Bankr.M.D.Fla.1991); *In re Braniff, Inc.*, 117 B.R. 702, 705–06 (Bankr. M.D.Fla.1990); Memorandum of Guidelines for Compensation and Expense Reimbursement of Professionals (July 19, 1991) (distributed to the bar in the Orlando division and available in the clerk's office).

Upon review, it is immediately apparent that the applications fail to meet the minimum informational requirements of F.R.B.P. 2016(a) and this court. The applicant has failed to include a narrative description of the services rendered by the attorney and the result obtained for the benefit of the estates, despite the fact that those are major factors to be considered when examining the reasonableness of an attorney's fee. *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974).

■ To determine what action the attorney took on behalf of the estates, it is necessary to draw inferences from the entries in the time records. To determine whether those actions resulted in any benefit to the estates, it is necessary to review various pleadings in a two volume file dating back to 1987.

The process of determining the reasonable fee in each of these estates is further complicated because the applicant has improperly allocated time spent solely on one estate to both estates. She has merely attached identical time records to the application for each estate and estimated that the time expended for each estate was one half of the total.

Although the majority of the services rendered by the attorney on behalf of the estates may have been equally allocable to the two estates, 1.6 hours so allocated related to the receipt of information and collection of life insurance proceeds. These activities related only to Lillian Harris' estate and should not have been charged to James Harris' estate. Accordingly, the compensable time in the James Harris case will be reduced by .8 hours.

In summary, the form of the applications submitted requires the court to determine what services were performed; what benefit was derived; and, indeed, to which estate the services were rendered. Clearly, the application did not provide the informa-

tion necessary to determine the reasonableness of the fees.

■ Having met that challenge posed by the applications, the court must next struggle with determining the reasonableness of the fees requested. Based on the information provided, the fees requested are excessive in two respects. First, when reviewing the time records in light of this court's opinion in *Holub*, it is clear that the attorney is seeking compensation for services that were performed in her capacity as trustee for the estates and that did not require the services of an attorney. Tasks that are improperly attributed to the attorney for the estates include: (1) preliminary review of the debtors' petition and schedules; (2) basic negotiation for the recovery of assets (i.e. the uncontested recovery of insurance proceeds from the debtor/wife); and (3) the supervision of professionals.

The trustee has separately sought compensation for these trustee services pursuant to Section 330(a) and (b) of the Bankruptcy Code, and those applications are considered below. The time improperly allocated as attorney time to the James Harris estate is 1.9 hours; the time improperly allotted to Lillian Harris' estate is 2.7 hours. The fees in each estate shall be reduced accordingly.

■ Second, the attorney seeks compensation for time that exceeds the amount of time the services should have taken to perform. The attorney has claimed a total of 1.2 hours for preparing the fee applications. As discussed above, it is apparent that, although the court was required to spend significant time in reviewing the file, the application, and the attached time records, the attorney spent next to no time whatsoever in the preparation of the fee application and a clerical person simply typed the unfiltered information on a printed form. The court concludes that .25 hours per estate is the amount of professional time reasonably expended in the preparation of these applications. The court therefore disallows .35 hours per estate.

Accordingly, in the estate of James Harris attorney's fees are allowed for 8.7 hours at $135 per hour for a total of $1,174.50. In the Lillian Harris estate attorney's fees are allowed for 8.7 hours at $135 per hour for a total of $1,174.50.

■ In each of the applications, the attorney for the trustee has requested compensation for computer time in the amount of $31.50 from each estate. Computer time is an overhead expense that is not to be charged to the estate. Requests for reimbursement for computer expense have been routinely denied in the past and are disallowed here.

### Applications of Trustee for Compensation

■ The trustee has filed an amended application for compensation of the trustee in each of these Chapter 7 estates (Document Nos. 68 and 69). In the estate of James L. Harris the trustee notes that the assets to be disbursed totalled $1,303.23. The applicant requests the maximum statutory allowance in the amount of $168.19 and expenses in the amount of $208.87. In the Lillian Harris estate, the assets totalled $18,499.71. The trustee requests the maximum statutory allowance of $734.99 and expenses in the amount of $265.18.

Section 330(a) provides that the court may award a trustee reasonable compensation for actual and necessary services rendered by the trustee and that the award may be based on the nature, the extent, and the value of services among other things. Section 326(a) of the Bankruptcy Code establishes a cap on the compensation that may be awarded the trustee. As noted above, the trustee seeks the maximum statutory allowance for the services she rendered to these estates in her capacity as trustee.

A review of the docket in this case discloses that this Chapter 7 case was filed on March 9, 1987. The assets of the estates were collected by the trustee without contest and some tangible property was sold at auction. The remaining tangible assets were either abandoned or returned to secured creditors by virtue of consent to relief from the automatic stay. In Lillian

Harris' estate, the trustee collected, apparently without contest, the proceeds of a life insurance policy upon James Harris' death.

The docket reflects that the last activity relating to any asset of the estate took place on June 17, 1988. Thus, the assets of the estate had been marshalled, liquidated, and were available for distribution as of that date. It was not until March 21, 1989, that the trustee applied to the court for authorization for authority to employ an accountant for the purpose of preparing the tax returns for the estate. With that exception, the only administrative acts between the completion of the liquidation of the estate on June 20, 1988, and the notice of the trustee's final report and accounting on January 23, 1992, are various applications for compensation of professionals and 13 amendments to various applications and reports.

The three and one-half year delay in the distribution of estate assets has constituted a significant delay to the prejudice of creditors and to the debtor/wife who will be entitled to a refund after paying her creditors in full. Prompt, expeditious administration of an estate by a trustee should result in compensation awarded at the maximum permitted by law. In contrast, the delay in administering these estates occasioned by the trustee compel close examination of the compensation to the trustee.

As noted above, the docket reflects that the trustee efficiently collected and liquidated the assets of the estate in little more than one year. Timeliness and efficiency were sorely lacking in the completion of administrative tasks so that distributions could be made. Accordingly, the court will award half of the compensation sought in each of the estates, that is, $84.10 in the James Harris estate and $367.50 in the Lillian Harris estate.

It is so ORDERED.

DONE and ORDERED.