**In re Janet C. KUHN, Debtor.**

**Bankruptcy No. 91–3015–BKC–3P7.**

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

Feb. 16, 1993.

Valerie Hall Manuel, Jacksonville, FL, trustee.

Anne Payne, Sp. Counsel, Jacksonville, FL, for trustee.

FINDINGS OF FACT AND CONCLU-
SIONS OF LAW ON APPLICATION
BY VALERIE HALL MANUEL FOR
ALLOWANCE OF FEES FOR AT-
TORNEY FOR TRUSTEE

GEORGE L. PROCTOR, Bankruptcy Judge.

This case came on for hearing on January 26, 1993, on the Application for Allowance of Fees as Attorney for Trustee filed by Valerie Hall Manuel, the Comments filed by the United States Trustee, and the Response filed by Valerie Hall Manuel. Based upon the evidence offered, the Court makes the following Findings of Fact and Conclusions of Law:

*Findings of Fact*

Debtor filed this case under chapter 7 of the Bankruptcy Code on June 10, 1991. Valerie Hall Manuel was subsequently appointed the Chapter 7 trustee.

On June 21, 1991, the Court entered an order authorizing the Chapter 7 trustee to employ herself as attorney for the trustee. Valerie Hall Manuel seeks compensation for her services both as trustee and as attorney for the trustee.

According to the Trustee's Preliminary Report of Estate there are total funds on deposit in the estate of $1,578.32. The trustee seeks her statutory maximum fee of $184.69, plus expenses of $86.64. As attorney for the trustee, the applicant seeks fees of $612.50 for three and one-half hours charged at $175.00 an hour. The trustee also employed special counsel

whose fees are not the subject of this hearing.

The United States Trustee contends that of the three and one-half hours of professional time shown in the application, the following entries are required duties of the trustee and are not compensable as attorney time:

| June 18, 1991 | Review of file | .5 |
| January 27, 1992 | Review of claims | .5 |

The sole issue raised by the United States Trustee is whether the time for which the trustee's attorney seeks compensation is compensable as attorney time. The United States Trustee asserts that some of the work included in the time records attached to the Application is that of the trustee and is not compensable as attorney's fees.

### Conclusions of Law

Separating the lines of responsibility between trustees and the professionals hired by trustees is always difficult. The problem is compounded when the professional is the trustee wearing the hat of an attorney. *In re Butterbaugh*, 135 B.R. 507, 508 (Bankr.N.D.Ohio 1991).

Sections 326 and 330(a) govern the compensation of the trustee and the trustee's attorney, respectively. Section 326(a) limits compensation for a Chapter 7 trustee to a statutory percentage of the total sums disbursed by the trustee. In contrast, § 330(a) states that the Court may award to an attorney for a trustee:

(1) reasonable compensation for actual, necessary services rendered by such trustee, examiner, professional persons, or attorney, as the case may be ... based on the nature, the extent, and the value of such services, the time spent on such services, and the cost of comparable services....

Section 704 of the Bankruptcy Code sets forth a list of functions that a Chapter 7 trustee is obligated to perform. These include:

1. Collecting and liquidating property of the estate;

2. Accounting for all property received;

3. Ensuring the debtor's compliance with § 521(2)(B) concerning exemptions, reaffirmation or redemption of property;

4. Investigating the debtor's financial affairs;

5. Examining proofs of claim and filing objections;

6. If advisable, opposing the debtor's discharge;

7. Furnishing information on the estate to parties in interest on request;

8. Filing periodic reports for the debtor, if an operating business, including a statement of receipts and disbursements and any other required information; and

9. Preparing and filing a final report and accounting of the administration of the estate with the court and United States Trustee.

■ The trustee's attorney is not entitled to receive professional compensation for performing the trustee's statutory duties. *In re Shades of Beauty, Inc.*, 56 B.R. 946 (Bankr.E.D.N.Y.1986). The Court in *In re Holub*, 129 B.R. 293 (Bankr. M.D.Fla.1991), sets forth the distinction between professional and trustee tasks:

In general, professional time is limited to those tasks performed while representing the trustee in the prosecution of contested matters and adversary proceedings, attendance at court hearings in the capacity of attorney or other professional when the trustee has an interest, the preparation of professional related applications, and the performance of other specialized services that cannot be performed practically or lawfully by the trustee without engaging the services of a professional.

*Id.* at 296.

■ The *Holub* decision defines various tasks to be performed by the trustee which are not compensable as professional services. Included in these non-professional tasks are:

1. Preliminary review of the debtor's schedules and examination of the debtor at the Section 341 meeting.

\*   \*   \*   \*   \*   \*

8. Examination of simple proofs of claim and the making of routine objections to claims. The preparation of objections to claims raising legal, as distinguished from routine, objections can be compensable to a professional. An example of a routine but not legal objection is an objection for lack of documentation. A complex proof of claim, the examination of which may be compensable, might be a proof of claim asserting several kinds of priorities for different components of the claim as might be filed by an employee.

*Id.* at 295–96.

■ Allowing the counsel for the trustee to receive compensation for services which can and should be performed by the trustee depletes the estate and violates the Bankruptcy Code. *In re Butterbaugh,* 135 B.R. at 510. The disputed attorney time entries are for services required to be performed by the trustee and are not compensable to the trustee's attorney. The review of the file occurred a few days after the case was filed and every trustee has an obligation to conduct an initial review of each new case. Similarly, the review of claims in a case such as this, where no objection is made to any of the four unsecured claims, is a simple and routine trustee task. No task by a trustee becomes compensable as professional services simply because the trustee is also the attorney.

The trustee has made no showing that either of these two functions were beyond the scope of the trustee's duties or that professional assistance was necessary. The language contained in §§ 704, 326, and 330 of the Bankruptcy Code prohibits compensation to the attorney for trustee services, and the Court cannot permit trustee compensation beyond the limits established by § 326. *In re Berglund Construction Co., Inc.,* 142 B.R. 947, 949 (E.D.Wash. 1992).

It is not necessary to discuss all of the factors of the lodestar methodology to determine the amount of the fees for the attorney for the trustee since the applicant seeks only to apply allowed hours times an hourly rate of $175.00 per hour. No enhancement or other modification of this method of compensation is sought, and the United States Trustee does not assert an objection to compensation at the normal hourly rate of $175.00 per hour. Using the factors set forth in *Johnson v. Georgia Highway Express,* 488 F.2d 714 (5th Cir. 1974), the Court will allow an hourly rate of $175.00.

The fee is calculated in this case by multiplying the reasonable hourly rate of $175.00 times the two and one-half hours reasonably expended performing legal services and results in an attorney's fee of $437.50.

An order granting fees to the attorney for the trustee will be separately entered.