**In re Shelley Anne LESLIE, Debtor.**

**Bankruptcy No. 95–06618–6J7.**

United States Bankruptcy Court,
M.D. Florida,
Orlando Division.

Aug. 4, 1997.

---

William Lawless, Altamonte Springs, FL, for Debtor.

Jerald I. Rosen, Longwood, FL, trustee.

*ORDER PARTIALLY SUSTAINING OBJECTION BY UNITED STATES TRUSTEE TO TRUSTEE'S APPLICATION FOR COMPENSATION AND APPLICATION FOR ALLOWANCE OF ATTORNEY'S FEES BY ATTORNEY FOR TRUSTEE*

KAREN S. JENNEMANN, Bankruptcy Judge.

This case came on for hearing on May 13, 1997, on the Application by Trustee for Com-

pensation (Doc. No. 21), Application for Allowance of Attorney's Fees by Attorney for Trustee (Doc. No. 22), and the Objection by the United States Trustee ("UST") to Trustee's Application for Compensation and Application for Allowance of Attorney's Fees by Attorney for Trustee (the "Objection") (Doc. No. 23). In this case, the Chapter 7 Trustee, Jerald I. Rosen (the "Trustee"), also acted in a dual capacity as the attorney for the Trustee. The UST asserts in the Objection that Mr. Rosen acting in his capacity as attorney merely performed statutory duties of the Trustee and should not receive compensation for providing legal services.

The debtor filed this Chapter 7 case on December 11, 1995. Almost immediately, on January 10, 1996, the Trustee precipitously filed a Final Report (Doc. No. 7) indicating that he had found no assets to pursue. Subsequently, the debtor's counsel informed the Trustee that the debtor was entitled to receive a tax refund of approximately $1,600 which the debtor properly and promptly paid to the Trustee. On March 13, 1996, the Trustee filed a notice withdrawing his Final Report (Doc. No. 10). The only other activity in the case were two objections filed by the Trustee to claims of creditors (Doc. Nos. 15 and 16). Neither objection was disputed.

On March 20, 1996, an order was entered approving the retention of the Trustee to wear a second hat as attorney for the Trustee (Doc. No. 14). Subsequently, Mr. Rosen filed two Applications. In the first Application, Mr. Rosen, acting in his capacity as a Chapter 7 Trustee, seeks a commission in the statutory allowed maximum of $404.59 and reimbursement of expenses of $77.94 (Doc. No. 21). In the second Application, Mr. Rosen, acting in his capacity as the attorney for the Trustee, seeks attorney's fees in the amount of $525.00 (Doc. No. 23). The total amount sought by Mr. Rosen in both his capacity as attorney and as Trustee total $1,007.53. No other administrative expenses or claims were filed. Claims of general unsecured creditors total $15,868.18. The total value of all assets collected in connection with the Trustee's efforts are $1,618.38.

In the Objection, the UST asserts that Mr. Rosen acted solely as a Chapter 7 trustee and is not entitled to any additional compensation as an attorney for his services. Alternatively, the UST asserts that, to the extent that any professional fees are allowable, Mr. Rosen's compensation as a trustee should be reduced because he provided inadequate services which did not benefit the estate. The UST, in essence, seeks a black and white line indicating which services provided by an attorney for a trustee are compensable and which are not. In support of this position, the UST relies upon the decisions of *In re Kuhn,* 150 B.R. 825 (Bankr.M.D.Fla.1993) and *In re Holub,* 129 B.R. 293 (Bankr. M.D.Fla.1991). In both of these cases, the bankruptcy court listed which services were properly performed by the trustee and which services were properly performed by an attorney.

■ Unfortunately, given the difficult tasks a Chapter 7 trustee performs, such a black and white demarcation simply is not possible. For example, in *Holub,* basic negotiation for recovery of assets is deemed a job for the Chapter 7 trustee. Certainly, in many cases, the trustee competently can pursue such negotiations but not in *all* cases. Some cases require the extra assistance of a lawyer to facilitate a more favorable result for the estate. The lawyer's time and effort usually are well worth the effort and are not to be discouraged. Nor is it always necessary, or even prudent, to require actual litigation to be filed before a trustee can retain an attorney. Trustees know how to administer cases, should have the discretion to retain lawyers as needed, and should be judged based on their and their attorney's success, not an artificial and unworkable rule which limits the ability of a trustee to receive professional assistance. No black and white rule exists or should exist which dictates when a trustee can hire a lawyer and when a trustee cannot. As the Bankruptcy Court for the Southern District of Ohio articulately discussed:

> [I]t would be as erroneous to award compensation at attorney rates for services

that are duties of the trustee as it would be to fail to award compensation to a trustee who rendered services as an attorney separately from duties as a trustee. In the first instance the inequity would be in unjustly enriching the trustee at the expense of the estate's other claimants and in the second instance the inequity would be in unjustly enriching the estate at the expense of the attorney. While the above statement might appear to be mere tautology, it establishes a parameter for the court's decision in an area where there are often insufficient assets to satisfy all claimants and the court is typically called upon to balance competing claims to the already insufficient fund.

*In re Vlachos,* 61 B.R. 473, 479 (Bankr. S.D.Ohio 1986).

In resolving this difficult and frequent dilemma, the appropriate standard to determine whether fees incurred by attorneys for Chapter 7 trustees are compensable is to utilize the same standards applicable in reviewing any other professional fee application, not a list of what is and what is not properly trustee work. *American Benefit Life Insurance Company v. Baddock (In re First Colonial Corporation of America),* 544 F.2d 1291, 1298 (5th Cir.1977), *cert. denied,* 431 U.S. 904, 97 S.Ct. 1696, 52 L.Ed.2d 388 (1977); *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717–19 (5th Cir. 1974).

■ Section 330(a)(1)(A) of the Bankruptcy Code specifically requires bankruptcy courts to award professional fees only if they are "reasonable compensation for actual, necessary services". Further, if a Chapter 7 trustee retains him or herself as an attorney or an accountant, the bankruptcy court may allow compensation "only to the extent that the trustee performed services as attorney or accountant for the estate and not for performance of any of the trustee's duties that are generally performed by a trustee without the assistance of an attorney or accountant". 11 U.S.C. 328(b)(1997). In determining attorney fees, the bankruptcy court must determine the nature and extent of the services rendered, determine the value of those services, and consider each of the following factors:

1. The time and labor required;

2. The novelty and difficulty of the questions;

3. The skill required to perform the legal service properly;

4. The preclusion of other employment by the attorney due to the acceptance of the case;

5. The customary fee for similar work in the community;

6. Whether the fee is fixed or contingent;

7. Time limitations imposed by the client or the circumstances;

8. The amount involved and the result obtained;

9. The experience, reputation, and ability of the attorney;

10. The undesirability of the case;

11. The nature and length of the professional relationship of the client; and

12. Awards in similar cases.

*Johnson,* 488 F.2d at 717–19; *Grant v. George Schumann Tire & Battery Co.,* 908 F.2d 874, 877–78 (11th Cir.1990).

■ By far, the most important considerations in reviewing applications submitted by attorneys for a Chapter 7 trustee are the nature and extent of services provided by the attorney and the value those services provided to the debtor's creditors and the estate. *Neville v. Eufaula Bank and Trust Co. (In re U.S. Golf Corp.),* 639 F.2d 1197, 1201 (5th Cir.1981). If an attorney performs services which were not necessary or provided no or an insignificant benefit to the estate, the attorney should not receive compensation for his or her efforts. This is not to imply that an attorney guarantees the success of his or her work. Trustees are encouraged to take aggressive positions to maximize the recovery of assets. Simply because an attorney acting at the direction of a trustee loses a

matter does not mean the compensation should be adjusted. However, when a trustee or his counsel incurs significant legal fees on simple legal matters that do not justify the time expended, a reduction or denial of the requested compensation is justified.

 In this case, the Trustee recovered approximately $1,600 to distribute to creditors. The recovery was obtained from a tax refund voluntarily paid by the debtor to the estate. A review of the time records submitted by Mr. Rosen acting in his role as attorney indicates that he spent 3.0 hours in connection with this case. The description of the services rendered indicate that none of the time related to the collection of assets for the estate. The vast majority of the time was spent withdrawing the Trustee's premature Final Report and preparing objections to claims. The work was simple and resulted in a minimal benefit to the estate. The work arguably required to be performed by an attorney accounted for no more than 1.5 hours of the 3.0 hours requested. The hourly billable rate of $175 per hour is reasonable.

Accordingly, after considering the nature and extent of the services provided by Mr. Rosen in his capacity as the attorney for the Trustee and the value those services provided to the debtor's creditors and the estate as well as considering the other applicable factors set forth in *Johnson,* a reasonable fee for the legal services rendered is $262.50, and, for the reasons stated above, it is:

ORDERED:

1. The Objection is partially sustained and partially overruled.

2. The Application for Allowance of Attorney's Fees by Attorney for Trustee (Doc. No. 22) is allowed in the amount of $262.50.

3. Because the UST failed to establish any grounds to reduce the statutory commission awarded to the Trustee, the Objection is overruled as to the Application by Trustee for compensation (Doc. No. 21). The Trustee is entitled to receive compensation in the amount of $404.59 and the reimbursement of expenses in the amount of $77.94.