**In re Dennis W. POLK, Debtor.**

**Bankruptcy No. 95–01633–BKC–3P7.**

United States Bankruptcy Court, M.D. Florida, Jacksonville Division.

Nov. 17, 1997.

**252**

Robert Altman, Palatka, FL, for Trustee.

Elena Escamilla, Orlando, FL, for U.S. Trustee.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

This case came on for hearing on September 2, 1997, on the Objection to Application for Allowance of Attorney's Fee for Attorney for Trustee and Application of Trustee for Compensation, filed by the United States Trustee. Based upon the evidence offered, the Court makes the following Findings of Fact and Conclusions of Law:

### FINDINGS OF FACT

1. Debtor filed this case under chapter 7 of the Bankruptcy Code on April 11, 1995. Alexander G. Smith was subsequently appointed the Chapter 7 trustee on April 20, 1995.

2. On May 22, 1995, this Court entered an order granting the trustee's application to employ himself as the attorney for the trustee. Mr. Smith now seeks compensation for his services as trustee and as attorney for the trustee.

3. According to the Trustee's Preliminary Report of Estate there is a balance of $3960.15 in the estate, and claims of general unsecured creditors total $37,158.29.

[1.] The trustee originally applied for attorney fees of $720.00, representing 3.6 hours of professional service. At the hearing on this case the trustee

4. The trustee seeks the statutory maximum fee in this case of $990.04, plus expenses of $83.04.

5. The trustee seeks attorney fees in the amount of $560.00, representing 2.8 hours of service charged at a rate of $200.00 per hour.[1]

6. The United States Trustee argues that the following entries of professional time in the trustee's application for attorney fees are noncompensable as attorney time:

| | | |
|---|---|---|
| 5/18/95 | Preparation of Application to Appoint Attorney and Order thereon | .30 |
| 5/18/95 | Preparation of Application to Appoint Appraiser and Order thereon; correspondence to appraiser regarding appraisal of debtors' personal property | .30 |
| 6/08/95 | Review file regarding claim of exemptions and preparation of Objection to Exemptions | .40 |
| 8/02/95 | Preparation of Order on Trustee's Objection to Debtors' Claim of Exemption and correspondence to debtors' attorney | .50 |
| 4/18/96 | Preparation of Motion for Turnover regarding 1995 tax return | .30 |
| 6/04/96 | Preparation of Notice of Withdrawal of Motion for Turnover | .30 |
| 6/05/96 | Attend hearing on Trustee's Motion for Turnover to advise Court of withdrawal | .30 |
| 2/02/97 | Preparation of Application for Attorney's Fees | .40 |

7. The United States Trustee objects to these entries on the grounds that the entries constitute trustee duties, and should therefore not be compensable as attorney time.

8. In the alternative, the United States Trustee requests that the trustee's fees be reduced if the Court finds the disputed tasks to be compensable as attorney time.

### CONCLUSIONS OF LAW

Pursuant to the Bankruptcy Code, a trustee may employ an attorney to assist the trustee in carrying out the trustee's duties. 11 U.S.C. § 327(a) (1997). In addition, the Bankruptcy Code allows a court to authorize a trustee to act as the attorney for the estate. 11 U.S.C. § 327(d) (1997). The compensation of the trustee and the trustee's attorney is governed by section 330(a), which provides that a "reasonable compensation for actual, necessary services rendered by the trustee, examiner, professional person, or attorney

agreed with the United States Trustee to reduce his attorney fee request to $560.00.

...." will be awarded. 11 U.S.C. § 330(a)(1)(A) (1997). This "reasonable compensation" translates for the trustee into a statutory percentage of the sums disbursed or turned over in the case. 11 U.S.C. § 326(a) (1997). However, if the trustee is also wearing the hat of the attorney for the trustee, the Bankruptcy Code provides compensation for the trustee's services as an attorney "only to the extent that the trustee performed services as attorney ... for the estate and not for performance of any of the trustee's duties that are generally performed by a trustee without the assistance of an attorney ... for the estate." 11 U.S.C. § 328(b) (1997).

 The Bankruptcy Code specifically provides that the trustee shall perform the following functions:

1. Collect and liquidate property of the estate;

2. Account for all property received;

3. Ensure the debtor's compliance with 521(2)(B) (requiring statement of intent with respect to exemption redemption, or reaffirmation of property);

4. Investigate the debtor's financial affairs;

5. Examine proofs of claim and object to improper claims;

6. If advisable, oppose the debtor's discharge;

7. Furnish information concerning the estate as requested by parties in interest;

8. File periodic reports and summaries for the debtor, if an operating business;

9. Prepare a final report and file a final accounting of the administration of the estate with the court and the United States Trustee.

11 U.S.C. § 704 (1997). The statutory duties of the trustee are noncompensable as professional time if performed by the trustee's attorney. *In re Kuhn,* 150 B.R. 825, 826 (Bankr.M.D.Fla.1993) (citing *In re Shades of Beauty, Inc.,* 56 B.R. 946, 949 (Bankr. E.D.N.Y.1986)). The purpose of the attorney for the trustee is not to provide assistance to the trustee in the performance of the trustee's statutory duties, but to provide assistance with those services the trustee is un-

able to perform due to the lack of a license to practice law. *In re Shades of Beauty,* 56 B.R. 946, 949 (Bankr.E.D.N.Y.1986), *aff'd,* 95 B.R. 17 (E.D.N.Y.1988).

 A difficulty arises when the court must distinguish between those duties required to be performed by the trustee and those duties that necessitate the assistance of an attorney. The difficulty is compounded when the trustee and the attorney for the trustee are the same individual. The bankruptcy court in *In re Holub,* 129 B.R. 293 (Bankr.M.D.Fla.1991) (Corcoran, J.), was called upon to determine whether services provided by the trustee's attorney, who was also the trustee, were compensable as professional time. The *Holub* decision limited the definition of "professional time" to:

those tasks performed while representing the trustee in the prosecution of contested matters and adversary proceedings, attendance at court hearings in the capacity of attorney or other professional when the trustee has an interest, the preparation of professional related applications, and the performance of other specialized services that cannot be performed practically or lawfully by the trustee without engaging the services of a professional.

*In re Holub,* 129 B.R. at 296. The burden rests with the attorney for the trustee to demonstrate that the services for which compensation is sought involve legal skills beyond the scope of the trustee's statutory duty. *In re Shades of Beauty,* 56 B.R. at 949–50 (citations omitted). *See also In re King,* 88 B.R. 768, 770–71 (Bankr.E.D.Va. 1988) (citing *In re Whitney,* 27 B.R. 352, 354 (Bankr.D.Me.1983)).

 The trustee's attorney has requested compensation for time spent preparing not only an application and order to appoint an appraiser, but also for time spent corresponding to the appraiser regarding the appraisal of the debtor's personal property. Similarly, the attorney for the trustee is seeking compensation for time spent preparing an order on an objection to exemptions and correspondence to the debtors' attorney. Such correspondence, whether to the appraiser or the debtor's attorney, does not

constitute a service that "cannot be performed practically or lawfully by the trustee" without obtaining an attorney. *In re Holub,* 129 B.R. at 296. The need for the professional must be clear from the description of the services set forth in the fee application. *Id.* The Court has no way of knowing what percentage of each respective entry was spent on correspondence, and therefore finds both entries to be noncompensable.

■ The Court also finds that the disputed attorney time entry for reviewing the file regarding the debtor's claim of exemptions and the preparation of an objection to those exemptions cannot be compensated as professional time. The review of exemptions is a simple and routine trustee task, and the fact that the trustee was also acting as his own attorney does not alter the nature of that task. Once again, it is impossible to determine from the fee application precisely what portion of the time entry was spent reviewing the file. The Court therefore disallows the entire entry.

■ The Court finds that the remainder of the disputed attorney time entries are for services requiring the assistance of counsel, and a total of 1.6 hours will consequently be allowed as compensable attorney time. Although of a legal nature, the attorney for the trustee will not be granted full compensation for the 1.6 allowable hours of legal services performed. An attorney may not be compensated at an attorney's rate for tasks which should be performed by a secretary or paralegal.[2] *Neville v. Eufaula Bank & Trust Co. (In re U.S. Golf Corporation),* 639 F.2d 1197, 1202 (5th Cir.1981); *In re Tinsley,* No. 94–5186–3F7 (Bankr.M.D.Fla. Aug. 7, 1997).

A reasonable attorney's fee is determined by multiplying the hours reasonably expended by a reasonable hourly rate. *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983), *called into doubt on other grounds by Pennsylvania v. Delaware Valley Citizens' Council for Clean Air,* 478 U.S. 546, 106 S.Ct. 3088, 92 L.Ed.2d 439 (1986) (holding, contra to *Hensley,* that ad-

justment to the lodestar figure will ordinarily not be necessary). The Court finds that a total of 1.6 hours was reasonably expended by the attorney. A reasonable hourly attorney rate of $200.00, and a reasonable hourly secretary's rate of $35.00 are allowed. Accordingly, the fee in this case is calculated by multiplying the reasonable hourly rate of $200.00 times .7 hours of compensable attorney time, and then adding the result of $35.00 per hour times the remaining .9 hours. This calculation results in an allowable attorney's fee of $171.50.

The trustee's application for compensation is granted in the requested amount of $990.04, along with expenses of $83.04.

An order granting compensation and expenses to the trustee and fees to the attorney for the trustee will be separately entered.

---

**2.** The trustee in this case testified that he does not personally prepare any documents, and that

his hourly rate of $200.00 incorporates the services of his secretarial staff.