**In re Thomas HAGGERTY and Susan Haggerty, Debtors.**

**Bankruptcy No. 95–04711–3P7.**

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

Nov. 17, 1997.

.Robert Altman, Palatka, FL, for trustee.

Elena Escamilla, Orlando, FL, for U.S. Trustee.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

This case came on for hearing on August 29, 1997, on the Objection to Application for Allowance of Attorney's Fee for Attorney for Trustee and Application of Trustee for Compensation, filed by the United States Trustee. Based upon the evidence offered, the Court makes the following Findings of Fact and Conclusions of Law:

### FINDINGS OF FACT

1. Alexander G. Smith was appointed trustee in this Chapter 7 case which commenced on September 28, 1995.

2. On November 1, 1995, this Court issued an order granting the trustee's application to employ himself as the attorney for the trustee.

3. On May 23, 1997, the trustee filed applications for trustee compensation and attorney fees.

4. According to the Trustee's Preliminary Report of Estate there is a balance of $16,-214.24 in the estate, and claims of general unsecured creditors total $50,972.17.

5. The trustee requests a commission in the statutory allowed maximum of $2,847.24, as well as expenses of $5,022.47 ($4,758.13 of which has already been paid to the trustee).

6. The trustee originally requested attorney fees in the amount of $1,080.00. At the hearing on this case on August 29, 1997, the trustee agreed with the United States Trustee to reduce his attorney fee request to $900.00, representing 4.5 hours of service charged at a rate of $200.00 per hour.

7. On July 31, 1997, the United States Trustee filed an objection to both applications, contending that several of the time entries attached to the application for attorney's fees were for matters not requiring the services of an attorney.

8. The United States Trustee has no objection to time entries totaling $480.00, but objects to the following time entries, representing 2.1 hours of work in the amount of $420.00:

| | | |
|---|---|---|
| 11/15/95 | Review file regarding claim of exemptions and preparation of Objection to Exemptions | .30 |
| 11/15/95 | Preparation of Application to Appoint Appraiser and Order thereon; correspondence to appraiser regarding appraisal of debtors' personal property | .30 |
| 1/04/96 | Preparation of Application to Appoint CPA and Order thereon | .30 |
| 1/22/96 | Preparation of Order on Trustee's Objection to Debtors' Claim of Exemption and correspondence to debtors' attorney | .50 |
| 11/21/96 | Review correspondence from John Palumbo withdrawing offer to purchase property of estate | .10 |
| 2/11/97 | Examine claims and preparation of Objection to Claims and of Order on Claims | .60 |

9. The United States Trustee requests that the trustee's fees be reduced if the disputed time entries are allowed as compensable attorney time.

### CONCLUSIONS OF LAW

Pursuant to the Bankruptcy Code, a court may authorize a trustee to act as the attorney for the estate. 11 U.S.C. § 327(d) (1997). However, if the trustee and the attorney for the trustee are the same individual, the trustee's services as an attorney may only be compensated "to the extent that the trustee performed services as attorney .... for the estate and not for performance of any of the trustee's duties that are generally

performed by a trustee without the assistance of an attorney ... for the estate." 11 U.S.C. § 328(b) (1997).

■ The attorney for the trustee, as well as the trustee, is entitled to reasonable compensation for actual and necessary services rendered. 11 U.S.C. § 330(a)(1)(A) (1997). However, statutory duties imposed upon the trustee are not compensable as professional time if performed by the trustee's attorney. *In re Kuhn,* 150 B.R. 825, 826 (Bankr. M.D.Fla.1993) (citing *In re Shades of Beauty, Inc.,* 56 B.R. 946, 949 (Bankr.E.D.N.Y.1986)).

■ The court in *In re Holub* set forth the definition of professional time:

> In general, professional time is limited to those tasks performed while representing the trustee in the prosecution of contested matters and adversary proceedings, attendance at court hearings in the capacity of attorney or other professional when the trustee has an interest, the preparation of professional related applications, and the performance of other specialized services that cannot be performed practically or lawfully by the trustee without engaging the services of a professional.

*In re Holub,* 129 B.R. 293, 296 (Bankr. M.D.Fla.1991) (Corcoran, J.). Pursuant to this definition, the attorney for the trustee in this case is entitled to compensation for the time he spent preparing the application and order to appoint an accountant.

■ Regarding the remainder of the disputed time entries, however, the Court finds that these services do not constitute compensable attorney time. The attorney for the trustee has requested compensation for time spent reviewing exemptions, corresponding with an appraiser, and corresponding to the debtors' attorney. The Court recently addressed these identical issues in *In re Polk,* 215 B.R. 250 (Bankr.M.D.Fla.1997), finding that these are not services incapable of being performed practically or lawfully by the trustee without obtaining an attorney. For the reasons more fully stated in Polk, the Court denies compensation to the trustee's attorney for the time entries relating to the review of the debtors' exemptions and corre-

spondence with the appraiser and the debtor's attorney.

■ The Court also finds the disputed time entry for the review of correspondence relating to a withdrawal of an offer to purchase property to be noncompensable. A trustee has a statutory duty to collect and liquidate the property of the estate. 11 U.S.C. § 704(1) (1997). Reviewing correspondence which will assist the trustee in fulfilling a statutory duty is a simple and routine trustee duty, and does not require the services of an attorney. No task performed by a trustee becomes compensable as a professional service merely because the trustee is also the attorney. *In re Kuhn,* 150 B.R. at 827.

■ Similarly, the making of routine objections to claims in this case constitutes performance of the trustee's duties, and is not compensable as professional time. 11 U.S.C. § 704(5) (1997); *In re Holub,* 129 B.R. at 296. The attorney for the trustee in this case objected to four separate claims in a single pleading. Three of those claims were clearly routine objections for which no compensation is allowable. Although the objection to one of the claims arguably involves a legal objection, the Court has no way of knowing the amount of time actually spent on making that objection. Accordingly, the Court denies compensation for services relating to the objection to claims.

■ The Court finds that a total of .3 hours is compensable as professional time, and was reasonably expended by the attorney for the trustee. To determine a reasonable attorney fee for the attorney's services, the Court must multiply the time reasonably expended on the services by a reasonable hourly rate. *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983), *called into doubt on other grounds by Pennsylvania v. Delaware Valley Citizens' Council for Clean Air,* 478 U.S. 546, 106 S.Ct. 3088, 92 L.Ed.2d 439 (1986) (holding that adjustment to the lodestar figure will ordinarily not be necessary). The trustee testified in the hearing on this case that his secretarial staff prepares the applications and orders to employ professionals. There-

fore, the court calculates the fee in this case by multiplying a reasonable hourly secretarial rate of $35.00 times .3 hours representing the performance of legal services, and adding $480.00 for services to which there was no objection. This calculation results in an attorney's fee of $490.50.

The trustee's application for compensation is granted in the requested amount of $2847.24, plus expenses of $5022.47.

An order granting compensation and expenses to the trustee and fees to the attorney for the trustee will be separately entered.