**In the Matter of SHADES OF BEAUTY, INC., Debtor.**

**No. CV 87–1258 (RJD).**

United States District Court,
E.D. New York.

Oct. 4, 1988.

MEMORANDUM AND ORDER

DEARIE, District Judge.

This matter is before the Court for review of an interlocutory decision and final order of the Bankruptcy Court, Honorable Marvin A. Holland, that effectively denied

any compensation to the attorney for the trustee in this matter.

FACTS

On August 26, 1982, the Bankruptcy Court issued an order approving employment of the appellant, Robert P. Herzog, as counsel for the trustee of the estate. On August 15, 1985, appellant submitted an application for compensation for legal work performed on behalf of the estate. On January 23, 1986, Bankruptcy Judge Marvin A. Holland, after reviewing appellant's application and the accompanying time sheets, found that most of the 44.65 hours for which appellant sought compensation were either not compensable or insufficiently documented. 56 B.R. 946. Specifically, Judge Holland found that much of the work for which appellant sought compensation was statutorily prescribed to be performed by the trustee. In addition, Judge Holland found that other aspects of appellant's fee application were lacking the detail necessary to determine whether the time documented was properly compensable. Judge Holland did, however, find some compensable time in appellant's application.

Judge Holland's opinion did not finally preclude appellant from obtaining additional fees. Judge Holland gave appellant thirty days to submit a more detailed application. Appellant failed to do so. Instead, he sent a letter to Judge Holland stating that, after reviewing his files and time sheets, "there is nothing further that I can in good conscience add to the application."

On March 27, 1987, Judge Holland issued an order fixing fees and allowances. Although he had previously found some of appellant's time compensable, Judge Holland did not award appellant any fee at all. This appeal followed.

DISCUSSION

"The Bankruptcy *court* has power to decide whether or not to allow compensation and reimbursement out of the estate to an officer's attorney [and] ... exercise [of this power] should be based on sound judicial discretion." 3 A *Collier on Bankruptcy* ¶ 62.12, at 1476–77 (14th ed. 1975) (emphasis in original). Accordingly, the standard

of review sets a "clear abuse of discretion" as the prerequisite for interference with a compensation award. *In re Arlan's Dep't Stores,* 615 F.2d 925, 943 (2d Cir.1979). The reason for according the bankruptcy court such broad discretion in matters concerning compensation is that "the bankruptcy court is more familiar with the actual services performed and 'has a far better means of knowing what is just and reasonable than an appellate court can have.'" *Matter of Lawler,* 807 F.2d 1207, 1211 (5th Cir.1987) (quoting *Matter of First Colonial Corp. of America,* 544 F.2d 1291, 1298 (5th Cir.), *cert. denied,* 431 U.S. 904, 97 S.Ct. 1696, 52 L.Ed.2d 388 (1977)).

As Judge Holland correctly noted, bankruptcy law allows an attorney for the trustee to collect only for necessary legal services. Recognizing potential for abuse when an attorney acts as trustee, Congress provided in 11 U.S.C. § 328(b) that one who undertakes the dual function be paid as an attorney "only to the extent that [he] performed services as [an] attorney ... for the estate and not for performance of any of the trustee's duties that are generally performed by a trustee without the assistance of an attorney." Clearly the fact that the attorney is not also acting as trustee does not lift this restriction. Consequently, there is no abuse of discretion in Judge Holland's determination that, absent special circumstances, the majority of services found in appellant's application are not compensable. Examining debtor's books, gaining entrance to its leased premises, selling its secured property, auctioning its remaining property, and collecting on its accounts receivable are all services normally to be performed by the trustee, or at least are incidental to his statutory obligations. *See* 11 U.S.C. § 704; Bankruptcy Rule 2015.

Of course, circumstances might be such that the trustee requires legal assistance to fulfill his duties. For example, Judge Holland recognized that appellant was entitled to payment for taking legal recourse under former Bankruptcy Rule 205(a) when two banks ignored a demand

for documentation concerning the debtor's accounts. Judge Holland ruled, however, that appellant was required to explain in his application the circumstances giving rise to the need for his services *as an attorney.* Such a requirement is not an abuse of discretion when viewed in light of both the bankruptcy rule that requires specific and detailed fee applications, *see* Bankruptcy Rule 2016, and our Court of Appeals' mandate that any attorney who applies for court-ordered compensation must document the application with contemporaneous time records that specify, for each attorney, the date, the hours expended, and the nature of the work done. *New York Ass'n for Retarded Children v. Carey,* 711 F.2d 1136, 1148 (2d Cir.1983); *see Lewis v. Coughlin,* 801 F.2d 570, 577 (2d Cir.1986). *Cf. In re Hudson & Manhattan R.R.,* 339 F.2d 114, 115 (2d Cir. 1964) ("any attorney who hopes to obtain an allowance from the court should keep accurate and current records of work done and time spent").

Finally, Judge Holland indicated that appellant was entitled to compensation both for his examination of debtor's schedules and statement of affairs and for his work under Bankruptcy Rule 205(a). The Judge withheld payment in order to allow appellant the opportunity to file a supplemental application. Petitioner conceded that he could not in good faith provide more information. Accordingly, the case is remanded only to the extent that the final allowance of compensation omitted an award for the designated services found compensable in Judge Holland's decision dated January 23, 1986. In all other respects, Judge Holland's interlocutory decision and final order fixing fees are affirmed.

SO ORDERED.