In re Thomas Lee LOWERY, Debtor.

In re Daniel Earl LEPLEY, Debtor.

In re Marcy Ann LYBARGER, Debtor.

Bankruptcy Nos. 96–60533, 96–61171 and 96–61421.

United States Bankruptcy Court, N.D. Ohio.

Nov. 4, 1997.

Donald M. Miller, Canton, OH, for Trustee.

James R. Kandel, Canton, OH, Trustee.

## MEMORANDUM OF DECISION

**JAMES H. WILLIAMS, Chief Judge.**

The court is called upon, in the execution of its responsibilities under Title 11 of the United States Code (Bankruptcy Code or Code), to approve compensation for the attorney for the trustee in each of these cases. In all of them, counsel has been appointed at the request of the trustee, duly presented to the court, pursuant to § 327(a) of the Code. Also, counsel's duties, as set forth in the motions seeking his appointment, are identical in each case:

5. The services to be rendered are:

a. To do all matters of a legal nature relating to the proper administration of this estate.

b. To file and prosecute all necessary adversary proceedings.

c. To conduct BANKR. R. 2004 Examinations if necessary.

d. To serve notices of sale of property and prepare related documents if necessary.

e. To object to discharge if necessary.

f. To advise the trustee concerning legal issues relating to preferences.

g. To file complaints to determine the extent, amount, validity and priority of liens.

h. To object to exemptions.

The administration of one of the cases (*Lowery*) is nearly complete. The trustee reports a balance on hand to be disbursed of $4,857.09. Against this balance are asserted his own charges for his compensation, calculated pursuant to § 326(a), in the amount of $2,400.00 and a requested $2,070.00 for his attorney in compensation and $49.53 in reimbursement of expenses, leaving $337.56 to be applied to claims totaling $32,484.99. The trustee's final account has not yet been submitted in either of the other cases, though in each, creditors have been notified that assets have been recovered and proofs of claim may be filed.

The Office of the United States Trustee for Region 9 attacks the attorney's application for compensation in each case on identical grounds, i.e., that the trustee's attorney is seeking compensation for performing the statutory duties of the trustee, which are "not of the type that cannot be performed without the services of an attorney." To the extent the charges are rendered for services which fall into that category, the objector seeks their denial.

Courts have struggled for years with the issue, this very one having attempted in 1991 to provide guidance. *See, In re Butterbaugh,* 135 B.R. 507 and the cases cited therein. The principles enunciated in *Butterbaugh* and the authorities it approved, bear, indeed apparently cry out for, repeating.

■ First and foremost, the Bankruptcy Code itself in § 328(b), limits the court's right to allow compensation only for services performed as attorney for the estate and for the sake of clarity, the drafters said, in the same sentence, that that means "not for performance of any of the trustee's duties that are generally performed by a trustee without the assistance of an attorney or accountant for the estate." [1]

■ Second, the duties for which the attorney may be compensated are far more constricted in this setting than that posited by the applicant here: that when a lay person employs an attorney to, say, recover an asset, all that accompanies that effort, including the time in investigating, letter writing, phone calling and the hiring of other professionals, such as appraisers or real estate brokers, is compensable to the attorney. Those activities surely fall within the ambit of § 704, the Code's defined duties of the

---

1. Literally, of course, § 328(b) speaks only to the situation where the trustee acts also as his or her own attorney in the case. Surely, the limitation proscribing compensation for trustee's work in the attorney's capacity as attorney is as applicable in the situation where, as here, the trustee employs another as attorney. "Clearly, the fact that the attorney is not also acting as trustee does not lift this restriction." *Matter of Shades of Beauty, Inc.,* 95 B.R. 17, 18 (E.D.N.Y.1988)

trustee who obviously has the skill and expertise to perform them by virtue of being a member of the United States Trustee's panel of trustees. The trustee is simply and obviously not a lay person unschooled in the art and science of finding, capturing and obtaining the value of an asset, for example. It is where the trustee believes, for appropriate reasons, and the Court agrees, that the services of one possessing necessary legal skills will best serve the estate that a § 328 appointment will be made.

Third, while generalizations are dangerous, they are the best we can do in an area in which it is difficult to categorize every potential activity as either statutory services to be performed by the trustee or legal services appropriately carried out by an attorney designated to assist the trustee.

In *Butterbaugh,* this Court approved the following statement from *In re Holub,* 129 B.R. 293, 296 (Bankr.M.D.Fla.1991):

> In general, professional time is limited to those tasks performed while representing the trustee in the prosecution of contested matters and adversary proceedings, attendance at court hearings in the capacity of attorney or other professional when the trustee has an interest, the preparation of professional related applications, and the performance of other specialized services that cannot be performed practically or lawfully by the trustee without engaging the services of a professional.

More recently, *Holub*'s "general description of compensable legal functions" was adopted in *In re Dorn,* 167 B.R. 860, 868 (Bankr. S.D.Ohio 1994).

██ Turning to the cases at hand, the United States Trustee has identified in the *Thomas Lee Lowery* case, # 96–60533, charges asserted by counsel for the trustee for writing thirteen letters, including two to a County Recorder, five to counsel for the debtor, five to the "owner of Rental Realty" and one to the Special Procedures Division of the Internal Revenue Service, forwarding copies of a tax return. None appear to fall within the *Holub* test as either related to contested or adversarial proceedings or as impossible of performance by the trustee. The Court will sustain the objection to the charges for these activities totaling $435.00. (2.9 hrs. at the applicant's rate of $150.00 per hour) The Court will overrule the United States Trustees objection to a charge for the preparation of an affidavit to be executed by the trustee.

██ With respect to the *Daniel Earl Lepley* case, # 96–61171, the United States Trustee questions charges for a series of letters and telephone calls to the debtor's attorney and to the fiduciary of a decedent's estate in which the bankruptcy estate apparently had some interest. The charges for this correspondence total, again, $435.00 for 2.9 hrs. The Court agrees for the reasons stated above in connection with the *Lowery* case. The Court will overrule the objection to the charges by the attorney for reviewing "estate" (presumably probate) and other documents.

██ Finally, in the *Marcy Ann Lybarger* case, # 96–61421, the Court finds the charges singled out by the United States Trustee to be sufficiently related to functions appropriately performed by the attorney for the trustee (recovery of possibly preferential payments) as to warrant their allowance. No adjustment will be ordered in that case.