### In the Matter of U–CAN RENT, INC., Debtor.

### Ernest V. Harris, Trustee, Movant,

### v.

### Rosalind Dublin; Julia Storey; Harry Earp; Guadalupe Ibarra; Alice Warren; and Josephine Godwin, Respondents.

### No. 96–31633 RFH.

United States Bankruptcy Court, M.D. Georgia, Athens Division.

April 27, 2001.

148

Ernest V. Harris, Athens, GA, for Movant.

Michael D. Calhoun, Durham, NC, for Respondents.

Mark W. Roadarmel, Assistant U.S. Trustee, Macon, GA, for United States Trustee.

## MEMORANDUM OPINION

ROBERT F. HERSHNER, Jr., Chief Judge.

Ernest V. Harris, Trustee, Movant, filed on December 19, 2000, a Trustee's Application for Compensation. Rosalind Dublin, Julia Storey, Harry Earp, Guadalupe Ibarra, Alice Warren, and Josephine Godwin, Respondents, filed an objection on February 20, 2001. Respondents filed an amended objection on February 21, 2001. Movant's application came on for a hearing on February 22, 2001. Mark W. Roadarmel, Assistant United States Trustee, appeared on behalf of the United States Trustee in opposition to Movant's application. The Court, having considered Movant's application, the objections, and the arguments of counsel, now publishes this memorandum opinion.

Chrysler First Commercial Corporation filed on December 31, 1996, an involuntary petition under Chapter 7 of the Bankruptcy Code against U–Can Rent, Inc., Debtor. The Court entered an order on January 24, 1997, granting Chapter 7 relief against Debtor.[1] Movant is the duly appointed Chapter 7 Trustee of Debtor's bankruptcy estate.

Respondents had filed a consumer class action in 1990 against Debtor in state court in North Carolina.[2] Michael D. Calhoun, attorney at law, represented Respondents in the state court action. This Court entered an order on July 18, 1997, granting Respondents relief from the automatic stay of the Bankruptcy Code to prosecute the state court action. This Court entered an order on March 30, 1998, approving a settlement of the state court action. The order provided, in relevant part, that Respondents would have judgment against Debtor in the amount of $1,250,000.

Movant, as trustee of Debtor's bankruptcy estate, filed on May 7, 1998, an

---

1. See 11 U.S.C.A. § 303 (West 1993 & Supp. 2000).

2. Respondents were the "named plaintiffs" in the state court action. The Court will simply refer to all plaintiffs in the state court action as Respondents.

adversary proceeding against Chrysler First Commercial Corporation, Chrysler Financial Corporation, and Thorn Americas, Inc. The adversary proceeding sought, in part, to recover certain prepetition transfers of Debtor's property. The Court entered an amended order on July 28, 1998, authorizing Movant to employ his law firm, Harris & Liken.[3] The amended order provided that Harris & Liken would handle the adversary proceeding on a contingency fee basis of 33⅓ percent of any recovery, plus expenses of litigation. Harris & Liken would be paid on an hourly basis for all other representation of the trustee.

After a year of litigation, Chrysler Financial Company, L.L.C. (hereafter "Chrysler Financial")[4] agreed to pay $895,000 to settle the adversary proceeding. Chrysler Financial also agreed that its claim against Debtor's bankruptcy estate would be disallowed. The Court entered an order on July 15, 1999, approving the settlement. The Court entered another order on July 15, 1999, awarding Movant's law firm, Harris & Liken, the sum of $298,000 as attorney's fees for its representation of the trustee in the adversary proceeding. Harris & Liken retained 60 percent of the award of attorney's fees and paid the remaining 40 percent to Mr. Calhoun.[5]

The Court entered an order on November 10, 2000, which provided that Respondents' claim against Debtor's bankruptcy estate would be treated as a general nonpriority unsecured claim in the amount of $1,250,000.

Movant reports that he has discharged his duties as trustee and that the bankruptcy case is ready to be closed. *See* Request to Close Case (filed Dec. 19, 2000). The Court has awarded Movant's law firm, Harris & Liken, a total of some $305,000 as attorney's fees for representing the trustee in the bankruptcy case and in the adversary proceeding.[6]

Movant reports that, subject to court approval, he will disburse to parties in interest the sum of $986,830.47 in this bankruptcy case. Movant reports that this sum comes from the settlement proceeds in the adversary proceeding of $895,000, funds that were in Debtor's bank account when the bankruptcy case was filed of $52,000, and interest and insurance refunds of $39,830.47.[7]

Movant, in his Trustee's Application for Compensation, seeks $52,591.52 as compensation for his services as trustee, $2,116.08 for expenses, and $1,711 for estate expenses.[8] Movant reports that administrative and priority creditors, including Movant, will receive a 100 percent dividend. Unsecured creditors, including

---

**3.** 11 U.S.C.A. § 327(d) (West 1993) (court may authorize trustee to act as attorney for the estate if such authorization is in the best interest of the estate).

**4.** Chrysler Financial Company, L.L.C. is the successor of Chrysler First Commercial Corporation and Chrysler Financial Corporation.

**5.** Mr. Calhoun had assisted Harris & Liken in the adversary proceeding. *See* Transcript of Hearing of Feb. 22, 2001 at 29–30. The fee sharing agreement was disclosed to the Court. *See* Application for Interim Compensation of Attorney Representing Trustee (filed June 14,

1999); Order Admitting Michael D. Calhoun Pro Hac Vice (filed Apr. 23, 1999).

**6.** *See* Application for Final Compensation of Attorney Representing Trustee, Summary Sheet, Exhibit D (filed Dec. 19, 2000).

**7.** *Compare* Form 1 Individual Estate Property Record and Report Asset Cases (filed Apr. 16, 2001). This form shows that the estate received funds that total $987,687.47.

**8.** Movant states that estate expenses were $1,461 for a case specific bond premium and $250 to obtain access to a storage warehouse.

Respondents, will receive a 48 percent dividend.

Movant, in his Trustee's Application for Compensation, seeks the statutory maximum allowance authorized by section 326(a) of the Bankruptcy Code. Movant calculated his compensation request by multiplying the funds he will distribute to parties in interest ($986,830.47) by the maximum percentage allowed by section 326(a). Movant reports that he spent 90.6 hours performing his duties as trustee. Movant reports that his hourly rate for services performed as an attorney is $175. Respondents and the United States Trustee contend that Movant should not be awarded the statutory maximum compensation.

The Court notes that Movant's hourly rate was $160 in August of 1998. The record is not clear as to when Movant increased his hourly rate to $175. *See* Application for Final Compensation for Attorney Representing Trustee, and Summary Sheet (filed Aug. 24, 1998).

■ Section 326(a) of the Bankruptcy Code [9] provides that the court may allow reasonable compensation under 11 U.S.C.A. § 330 for the trustee's services. Reasonable compensation cannot exceed the statutory maximum allowed by section 326(a). *See Staiano v. Cain (In re Lan Associates XI, L.P.)*, 192 F.3d 109, 115–16 (3rd Cir.1999); *In re Perkins*, 244 B.R. 835, 840 (Bankr.D.Mont.2000); *In re Marvel Entertainment Group, Inc.*, 234 B.R. 21, 38–39 (D.Del.1999); *In re Guyana Development Corp.*, 201 B.R. 462, 474–75 (Bankr.S.D.Tex.1996); *In re Gulph Woods Corp.*, 150 B.R. 603, 606–07 (E.D.Pa.1993).

The legislative history of section 326 provides, in part, as follows:

This section [326] is derived in part from section 48c of the Bankruptcy Act. It must be emphasized that this section does not authorize compensation of trustees. This section simply fixes the maximum compensation of a trustee. Proposed 11 U.S.C. 330 authorizes and fixes the standard of compensation. Under section 48c of current law, the maximum limits have tended to become minimums in many cases. This section is not intended to be so interpreted. The limits in this section, together with the limitations found in section 330, are to be applied as outer limits, and not as grants or entitlements to the maximum fees specified. (H. Rept. No. 95–595 to accompany H.R. 8200, 95th Cong., 1st Sess. (1977) pp. 327, 328, U.S.Code Cong. & Admin.News 1978, pp. 5963, 6283.)

"The compensation provisions of section 326 are outer limits on the amount of compensation that may be paid to a trustee and should not be viewed as an entitlement to the maximum fees specified. The amount of compensation allowed a trustee is subject to the discretion of the court in determining the reasonable value of the services provided to the estate by the

---

9. 11 U.S.C.A. § 326(a) (West Supp.2000). This section provides as follows:

§ 326. **Limitation on compensation of trustee**

(a) In a case under chapter 7 or 11, the court may allow reasonable compensation under section 330 of this title of the trustee for the trustee's services, payable after the trustee renders such services, not to exceed 25 percent on the first $5,000 or less, 10 percent on any amount in excess of $5,000 but not in excess of $50,000, 5 percent on any amount in excess of $50,000 but not in excess of $1,000,000, and reasonable compensation not to exceed 3 percent of such moneys in excess of $1,000,000, upon all moneys disbursed or turned over in the case by the trustee to parties in interest, excluding the debtor, but including holders of secured claims.

11 U.S.C.A. § 326(a) (West Supp.2000).

161 of 12161 of 12hlsh

trustee." 3 *Collier on Bankruptcy* ¶ 326.02[1] (15th ed. rev.2001).

Section 330(a) of the Bankruptcy Code [10] provides, in part, that the court may award to the trustee, subject to the limits of section 326, reasonable compensation for actual, necessary services and reimbursement for actual, necessary expenses. The court, in determining the amount of reasonable compensation to be awarded, must consider the nature, the extent, and the value of the services, taking into account all relevant factors. Section 330(a)(3) lists five nonexclusive factors the court must consider in determining the amount of compensation that may be awarded to a trustee. The factors include the time spent on the services, the rates charged, and whether the services were necessary, beneficial, and reasonable.

▆ Movant has the burden of proving that he has earned the compensation that he requests and that the compensation is reasonable. *Brake v. Tavormina (In re Beverly Mfg. Corp.)*, 841 F.2d 365, 371 (11th Cir.1988); *Neville v. Eufaula Bank & Trust Co. (In re U.S. Golf Corp.)*, 639 F.2d 1197, 1207 (5th Cir.1981); *In re Columbia Plastics, Inc.*, 251 B.R. 580, 584 (Bankr.W.D.Wash.2000); *In re Stoecker*, 118 B.R. 596, 601 (Bankr.N.D.Ill.1990).

▆ A Chapter 7 trustee seeking compensation for his services has no greater status than any other entity seeking compensation. The trustee's application for compensation must provide enough detail to allow the court to reach some conclusions regarding an award of reasonable compensation. *In re Neill*, 242 B.R. 685, 690 (Bankr.D.N.D.1999).

Movant's application for compensation must comply with the requirements of Rule 2016 of the Federal Rules of Bank-

---

**10.** 11 U.S.C.A. § 330(a) (West Supp.2000). This section provides, in part, as follows:

**§ 330. Compensation of officers**

(a)(1) After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a trustee, an examiner, a professional person employed under section 327 or 1103

(A) reasonable compensation for actual, necessary services rendered by the trustee, examiner, professional person, or attorney and by any paraprofessional person employed by any such person; and

(B) reimbursement for actual, necessary expenses.

(2) The court may, on its own motion or on the motion of the United States Trustee, the United States Trustee for the District or Region, the trustee for the estate, or any other party in interest, award compensation that is less than the amount of compensation that is requested.

(3)(A) In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—

(A) the time spent on such services;

(B) the rates charged for such services;

(C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

(D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and

(E) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

(4)(A) Except as provided in subparagraph (B), the court shall not allow compensation for—

(i) unnecessary duplication of services; or

(ii) services that were not—

(I) reasonably likely to benefit the debtor's estate; or

(II) necessary to the administration of the case.

11 U.S.C.A. § 330(a)(1)-(4)(A) (West Supp. 2000).

ruptcy Procedure.[11] Rule 2016 provides, in part, that an application for compensation for services or reimbursement of expenses must set forth a detailed statement of the services rendered, time expended, expenses incurred, and the amounts requested. 9 *Collier on Bankruptcy* ¶ 2016.03 (15th ed. rev.2001); *In re Moon,* 258 B.R. 828, 835 (Bankr.N.D.Fla.2001); *In re Columbia Plastics, Inc.,* 251 B.R. 580, 584 (Bankr.W.D.Wash.2000).

In *Staiano v. Cain (In re Lan Associates XI, L.P.),*[12] the Third Circuit Court of Appeals stated, in part:

We agree with the district court's determination that consideration of the maximum fees set forth in § 326(a) in the course of a § 330(a) reasonableness determination is erroneous as a matter of law. In determining compensation for trustees, a court begins by applying the criteria set forth in § 330(a). The statute provides in pertinent part that a court may award a trustee "reasonable compensation for actual, necessary services rendered ... based on the nature, the extent, and the value of such services, the time spent on such services, and the cost of comparable services other than in a case under this title." 11 U.S.C. § 330(a)(1). Only after "reasonable fees are determined according to the ... criteria[ ] [of § 330(a) ] [are] a trustee's fees ... cut down, if required, to the statutory maximum stated in Section 326(a)." We agree with the Bankruptcy Appellate Panel for the Ninth Circuit that "the provisions of Sections 330(a) and 326(a) are independent of one another. Trustee fees should be set according to the Section 330 criteria, not merely according to the amount of moneys disbursed." As another court explained, if trustees' fees were to be com-

puted according to § 326(a), "there would have been little need for Congress to have provided separate standards in 11 U.S.C. § 330(a) for calculating the amount of such stipends." The legislative history accompanying § 326(a) ... indicates that while Congress intended § 330 to prescribe the standard pursuant to which trustee compensation is awarded, § 326(a) merely caps the fees awarded pursuant to § 330. Congress' description of the separate functions of the statutes demonstrates that a fee determination must involve independent consideration of each statute.

. . . .

Moreover, in spite of the factors enumerated in § 330, many courts continue to employ the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717–19 (5th Cir.1974) (determining the reasonableness of attorneys' fees). *See* 3 *Collier on Bankruptcy* § 330.04[3] (stating that courts have relied on *Johnson* factors to assess the reasonableness of compensation under both the Bankruptcy Act and the Bankruptcy Code and that "[m]any courts continue to follow *Johnson*"); ...

The changes Congress made to § 330 pursuant to the Bankruptcy Reform Act of 1994 support our determination. The amended version of § 330 clearly indicates that in determining a reasonable fee, the court must "consider the nature, the extent, and the value of such services, taking into account *all* relevant factors." 11 U.S.C. § 330(a)(3). While it appears that additional factors considered under the statute should pertain to the nature, extent, or value of the services, we think that this language clari-

---

**11.** Fed. R. Bankr.P.2016.

**12.** 192 F.3d 109 (3rd Cir.1999).

fies Congress' intent that a reasonableness assessment need not be based solely on the statutorily enumerated factors.

192 F.3d at 121–23. *See also In re Citi–Toledo Partners II,* 254 B.R. 155, 165 (Bankr.N.D.Ohio 2000) (section 330(a) authorizes the standards for a trustee's compensation; section 326(a) establishes the cap on compensation).

In *Johnson v. Georgia Highway Express, Inc.,*[13] the Fifth Circuit Court of Appeals held that a court must consider certain factors in making an award of attorney's fees. The twelve factors listed in *Johnson* are as follows: (1) the time and labor required, (2) the novelty and difficulty of the legal questions, (3) the skill required to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee for similar work in the community, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorney, (10) the undesirability of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. 488 F.2d at 717–19.

■ The Eleventh Circuit Court of Appeals has held that attorney's fees are determined under the lodestar method, by multiplying the number of hours reasonably expended by a reasonable hourly rate. The *Johnson* factors may be considered in setting the reasonable hourly rate. The lodestar may be adjusted if the results obtained were of limited success, excellent, or exceptional. *Norman v. Housing Authority of City of Montgomery,* 836 F.2d 1292, 1298–1302 (11th Cir.1988); *see also In re Concrete Products, Inc.,* 208 B.R. 1015, 1022–23 (Bankr.S.D.Ga.1996).

Movant is entitled to reasonable compensation for his actual, necessary services as Chapter 7 trustee. Section 704 of the Bankruptcy Code[14] sets forth the duties of

---

**13.** 488 F.2d 714 (5th Cir.1974). In *Bonner v. City of Prichard,* 661 F.2d 1206, 1207 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

**14.** 11 U.S.C.A. § 704 (West 1993). This section provides as follows:

**§ 704. Duties of trustee**

The trustee shall—

(1) collect and reduce to money the property of the estate for which such trustee serves, and close such estate as expeditiously as is compatible with the best interests of parties in interest;

(2) be accountable for all property received;

(3) ensure that the debtor shall perform his intention as specified in section 521(2)(B) of this title;

(4) investigate the financial affairs of the debtor;

(5) if a purpose would be served, examine proofs of claims and object to the allowance of any claim that is improper;

(6) if advisable, oppose the discharge of the debtor;

(7) unless the court orders otherwise, furnish such information concerning the estate and the estate's administration as is requested by a party in interest;

(8) if the business of the debtor is authorized to be operated, file with the court, with the United States trustee, and with any governmental unit charged with responsibility for collection or determination of any tax arising out of such operation, periodic reports and summaries of the operation of such business, including a statement of receipts and disbursements, and such other information as the United States trustee or the court requires; and

(9) make a final report and file a final account of the administration of the estate with the court and with the United States trustee.

11 U.S.C.A. § 704 (West 1993).

the trustee. The record shows that Movant conducted the first meeting of creditors,[15] reviewed Debtor's financial records, examined and objected to proofs of claims, maintained bank accounts for the estate's funds, employed professionals to determine the estate's tax obligations, collected insurance refunds, prepared various reports and notices, attended court hearings, and made a final report and account of the administration of the estate. Movant also investigated whether the estate had a cause of action against Chrysler Financial. Movant employed his law firm, Harris & Liken, to handle the adversary proceeding. Movant monitored the adversary proceeding. Movant, in his role as the plaintiff in the adversary proceeding, evaluated the settlement offers made by Chrysler Financial.

Respondents and the United States Trustee contend that an award of reasonable compensation to Movant should not be based on the favorable outcome of the adversary proceeding against Chrysler Financial. Respondents and the United States Trustee argue that the favorable outcome was the result of efforts by Movant's law firm and not by Movant as trustee. Respondents and the United States Trustee note that Movant's law firm has been compensated for its services. Respondents and the United States Trustee contend that Movant's law firm, rather than Movant, bore the risk that the adversary proceeding against Chrysler Financial would not be successful.

Movant concedes that it is somewhat difficult to distinguish between his services as trustee and his services as attorney for the trustee.[16] Brief in Support of Trustee's Application for Compensation at 9 (filed Apr. 9, 2001) (hereafter "Movant's Brief").

 Section 326(a) provides that the Court may allow reasonable compensation under section 330 for the trustee's services not to exceed certain statutory maximum limits. Section 330(a) requires that, in awarding reasonable compensation, the Court shall consider the nature, the extent, and the value of Movant's services, taking

---

**15.** 11 U.S.C.A. § 341(a) (West 1993).

**16.** In *In re Polk*, 215 B.R. 250 (Bankr. M.D.Fla.1997), the Bankruptcy Court for the Middle District of Florida stated:

> The statutory duties of the trustee are noncompensable as professional time if performed by the trustee's attorney. *In re Kuhn*, 150 B.R. 825, 826 (Bankr.M.D.Fla. 1993) (citing *In re Shades of Beauty, Inc.*, 56 B.R. 946, 949 (Bankr.E.D.N.Y.1986)). The purpose of the attorney for the trustee is not to provide assistance to the trustee in the performance of the trustee's statutory duties, but to provide assistance with those services the trustee is unable to perform due to the lack of a license to practice law. *In re Shades of Beauty*, 56 B.R. 946, 949 (Bankr.E.D.N.Y.1986), *aff'd*, 95 B.R. 17 (E.D.N.Y.1988).
> A difficulty arises when the court must distinguish between those duties required to be performed by the trustee and those

duties that necessitate the assistance of an attorney. The difficulty is compounded when the trustee and the attorney for the trustee are the same individual. The bankruptcy court in *In re Holub*, 129 B.R. 293 (Bankr.M.D.Fla.1991) (Corcoran, J.), was called upon to determine whether services provided by the trustee's attorney, who was also the trustee, were compensable as professional time. The *Holub* decision limited the definition of "professional time" to:

> those tasks performed while representing the trustee in the prosecution of contested matters and adversary proceedings, attendance at court hearings in the capacity of attorney or other professional when the trustee has an interest, the preparation of professional related applications, and the performance of other specialized services that cannot be performed practically or lawfully by the trustee without engaging the services of a professional.

*In re Holub*, 129 B.R. at 296.

215 B.R. at 253.

into account all relevant factors, including five nonexclusive factors listed in section 330(a)(3). The Court now will apply the relevant factors to Movant's application for trustee's compensation.

1. The time spent on the services—
 Movant has itemized 90.6 hours of services as trustee.[17] Some 6.3 hours, however, are duplications of time Movant's law firm, Harris & Liken, itemized in its attorney's fee application.[18] The remaining 84.3 hours are services performed in accordance with Movant's duties as trustee under 11 U.S.C.A. § 704.

2. The rates charged for the services—
 Movant reports that his hourly rate for services performed as an attorney is $175.
 Movant argues that the hourly rate charged when he is an attorney performing legal services is not necessarily the rate to be charged for trustee services. *In re Neill*, 242 B.R. 685, 691 (Bankr.D.N.D.1999); *In re Roco Corp.*, 64 B.R. 499, 504 n. 7 (D.R.I. 1986). Movant argues that there is no established hourly rate for trustee services and that the time spent and rates charged by attorneys are only minor factors to be considered in awarding compensation to the trustee. Movant's Brief at 3–4. Movant argues that the prevailing rate for trustees in this Court is the statutory maximum allowance under section 326(a). Movant argues that the only cases in which trustees in this Court have not been awarded the maximum allowance were cases in which the trustees voluntarily reduced their compensation requests. Movant's Brief at 4–5.

Movant argues "not only is this [the statutory maximum allowance] the custom among trustees, at least one bankruptcy judge [Judge Walker] has stated, on the record, that the customary fee in this district is the maximum compensation allowed under § 326." [19] Movant's Brief at 5.

Movant relies on *In re Guyana Development Corp.*,[20] which discusses the role of the trustee and the use of incentive compensation to encourage maximum asset collection and distribution to creditors by the trustee.

Movant contends that "the rates charged for the services" of a trustee should be the statutory maximum allowance. Simply stated, this is not the law. Section 326 sets the maximum compensation that can be award-

---

**17.** Movant asserts that he has understated his hours of service. *See In re Concrete Products, Inc.*, 208 B.R. 1015, 1021 (Bankr.S.D.Ga. 1996) (trustee requested $71,547.07 but was awarded $3,582 due to trustee's failure to keep time records; trustee mistakenly believed that Bankruptcy Code only required a trustee to keep records of time spent on legal matters).

**18.** Movant and Harris & Liken have duplicate itemizations for May 26, 1998, August 13, 1998, and April 21, 1999. Harris & Liken Client Billing Worksheet (Movant's itemization as trustee) (filed Feb. 22, 2001); Supplement to Application for Interim Compensation of Attorney for Trustee (filed July 8, 1999).

**19.** Movant provided the Court with a transcript of a hearing before Judge Walker. Judge Walker said, "Reasonableness in the light of all these facts with particular note to the responsibility factor is what the Court will use in cases to decide whether the maximum compensation is awarded here." Transcript of Proceedings at 12. *In re Davis*, Ch. 7 Case No. 96–10776 (Bankr.M.D.Ga. Sept. 15, 1999) (Walker, J.) (court declined to adopt strict lodestar approach for trustee compensation; compensation should be awarded as an incentive to the trustee. Transcript at 7–8, 12).

**20.** 201 B.R. 462 (Bankr.S.D.Texas 1996).

ed to the trustee. Section 330 sets forth the criteria that must be applied in making the award to the trustee. Compensation is awarded only for actual and necessary services performed by the trustee.

3. Whether the services were necessary and beneficial to the administration of the bankruptcy case—

The 84.3 hours of nonduplicative services itemized by Movant were performed in accordance with his duties as trustee under 11 U.S.C.A. § 704. Movant investigated whether the estate had a cause of action against Chrysler Financial. Movant employed his law firm, Harris & Liken, to handle the action. The settlement of that action is the primary asset of the estate.

4. Whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issues or tasks to be addressed—

Movant performed the routine duties of a Chapter 7 trustee in a competent manner within a reasonable time. In addition, Movant investigated whether the estate had a cause of action against Chrysler Financial. This was a complicated legal matter that was hotly contested. Movant had to evaluate settlement offers made by Chrysler Financial. The Court is persuaded that Movant handled these complex issues in a reasonable manner.

5. Whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in nonbankruptcy cases—

Neither Movant, Respondents, nor the United States Trustee have directly addressed this factor. Movant notes that certain professionals traditionally are compensated on a commission or flat fee basis for services performed in bankruptcy and nonbankruptcy cases. Movant asserts that real estate agents receive seven percent to ten percent of the gross sales price, that auctioneers charge ten percent of the gross auction proceeds plus expenses, and that appraisers charge a flat fee. Movant's Brief at 3.

The Court notes that Movant's hourly rate for services performed as an attorney, $175, is comparable to the rate charged by comparably skilled attorneys in bankruptcy and nonbankruptcy cases.

The Court is persuaded that it also should consider the *Johnson* factors in determining reasonable compensation. The Court notes that some of the *Johnson* factors overlap with the factors listed in section 330(a)(3).

1. Time and labor required—

Movant has itemized 84.3 hours of nonduplicative services as trustee. Movant asserts that he has understated his hours of service. The Court is persuaded that these services were necessary and beneficial to the estate. The services were performed in accordance with Movant's duties as trustee under 11 U.S.C.A. § 704.

2. The novelty and the difficulty of the legal questions—

Movant performed the services that a trustee routinely performs. In addition, Movant investigated whether there was a cause of action against Chrysler Financial. This was a complicated legal matter that was hotly contested. Movant had to evaluate the settlement offers made by Chrysler Financial. Movant should be appropriately compensated for these trustee services.

3. The skill required to perform the legal services properly—

Movant has been a trustee for twenty-two years. Movant performed his duties in this case in a competent manner. Movant recognized the need to hire professionals to handle certain tax and legal matters. Movant's skills enabled him to recognize a potential recovery from Chrysler Financial and to evaluate the settlement offers.

4. The preclusion of other employment due to acceptance of the case-

Movant concedes that this is not a factor.

5. The customary fee—

Movant contends that the customary fee for trustees in this district is the statutory maximum allowed by section 326. If trustees in this district have assumed that they are automatically entitled to the maximum compensation allowed by section 326, then the Court must note that the assumption is erroneous as a matter of law. The trustee's compensation must be based upon the criteria set forth in section 330 of the Bankruptcy Code.

6. Whether the fee is fixed or contingent—

Most Chapter 7 cases are "no asset cases" in which the trustee receives only the statutory minimum compensation of $60. 11 U.S.C.A. § 330(b). Any compensation above this amount is contingent upon the trustee's recovery of assets for the benefit of the estate. Movant's compensation in this case was primarily dependent upon Movant prevailing in the adversary proceeding against Chrysler Financial.

7. Time limitations imposed by the client or the circumstances—

Movant concedes that there were no unusual time limitations imposed.

8. The amount involved and the results obtained—

Movant, Respondents, and the United States Trustee hotly dispute this factor. Movant contends that the favorable results in this case were the result of his efforts as trustee. Respondents and the United States Trustee argue that the favorable results were due to the efforts of Movant's law firm, Harris & Liken.

The Court is persuaded that both Movant and Harris & Liken are responsible for the favorable results. Movant, through his skills as trustee, recognized that the estate had a potential cause of action against Chrysler Financial. Movant, as trustee, evaluated the settlement offers made by Chrysler Financial. Movant's law firm, Harris & Liken, handled the adversary proceeding.

9. The experience, reputation, and ability of the attorney—

Movant has served as a Chapter 7 trustee for twenty-two years. Movant has handled a substantial number of bankruptcy cases. Movant performs his duties as a trustee in a competent manner.

10. The "undesirability" of the case—

This was not a factor except that the litigation against Chrysler Financial in the adversary proceeding was difficult and the outcome uncertain.

11. The nature and length of the professional relationship with the client—

This is not a factor in this case.

12. Awards in similar cases-

Movant argues that this is the most important factor in his compensation request. Movant argues that this Court has traditionally awarded the

maximum statutory compensation. If the Court has created the impression that a trustee is "entitled" to the maximum statutory compensation, then the Court now, through this opinion, clearly states that all applications by trustees must be based upon the criteria set forth in section 330. The Court notes that section 326 does not authorize a trustee's compensation. Section 326 simply fixes the maximum compensation that a trustee can recover.

In this bankruptcy case, Movant has itemized 84.3 hours of nonduplicative services he has rendered as trustee. Movant has timely administered the bankruptcy estate. Movant recognized a potential recovery from Chrysler Financial. That recovery is the primary asset of the estate. There will be a substantial distribution to parties in interest. When the Court considers the criteria set forth in section 330 and the applicable case law, the Court is persuaded that Movant should be awarded $20,000 in compensation. The Court notes that this award, if made solely on an hourly basis, would be $237.25 per hour.

Movant also requests reimbursement for certain expenses. Movant itemizes the following expenses: [21]

| | |
|---|---|
| Trustee's Bond | $1,012.45 |
| Storage Expense | 812.45 |
| Professional Expense | 291.38 |
| Telephone and fax | 245.00 |
| Postage and copying | 135.00 |
| Case Specific Bond | 1,485.00 |
| | $3,981.28 |

The Court is persuaded that these expenses were necessary for the performance of Movant's duties as trustee. The Court is persuaded that Movant is entitled to reimbursement of these expenses.

An order in accordance with this memorandum opinion will be entered this date.

---

**21.** *See* Trustee's Application for Compensation, Compensation and Expenses Worksheet (filed Dec. 19, 2000); Harris & Liken Client Billing Worksheet at 7–8 (filed Feb. 22, 2001).